MOSES B. TRUSSELL, APPELLEE, V. HARRY FERGUSON, APPELLANT.

FILED DECEMBER 11, 1931. No. 28014.

*Good, Good & Kirkpatrick, Julius D. Cronin* and *Ralph M. Kryger,* for appellant.

*J. A. Donohoe* and *J. J. Harrington, contra.*

Heard before GOSS, C. J., DEAN and EBERLY, JJ., and CHASE and HASTINGS, District Judges.

GOSS, C. J.

Plaintiff obtained a verdict and judgment for damages against defendant for personal injuries. Both parties were driving west on highway number 20 and about a mile and a quarter west of Royal in Antelope county. Plaintiff was driving a team hitched to a wagon. Back of the seat was a disk. Hitched to the wagon on the rear he had a tandem tow of two mowers he had purchased at a sale. It was about sundown. There is a conflict in the evidence as to whether it was dark enough to require lights on cars. Plaintiff had no lights on his wagon or on the mowing machines behind it. Defendant, driving an automobile west, struck the rear mower. The effect was to throw plaintiff back from his seat against the disk and to injure him. Defendant testified he was driving about 30 miles an hour; the bright lights of an east-bound car blinded him so that

he slowed down a little to get his bearings; "so I was looking at the side of the road and the center of the road, and I looked up ahead of me and suddenly there right in front of me was an object, I didn't know what it was, and I whirled to the left to avoid it, but I didn't avoid it, I was too close to it and I hit it on one wheel" (parenthetically, it should be said that defendant, on cross-examination, admitted that the car with bright lights had passed him a quarter of a mile before he struck plaintiff's rig and that he was watching another car which did not arrive until after the accident) ; what he first saw ahead of him, he testified, looked like a team and wagon—if it had been the team and wagon alone he would have missed it; he found out afterwards it was the rear mower he struck; and he estimated he was going between 25 and 30 miles an hour. His car was overturned and damaged.

An assignment of error is based on instruction number 10, which is as follows: "In determining whether or not the defendant was guilty of negligence in driving his car, you may consider the fact that he had liability insurance, together with all the other facts and circumstances appearing in evidence. The fact that the defendant carried liability insurance of itself is not proof of negligence on the part of the defendant."

Carrying liability insurance is generally considered prudent and farsighted. Some states have made it a part of their legislative and public policy to require it. We find ourselves unable to agree that it is a matter to be considered with other facts and circumstances to determine whether or not one driving a car is guilty of negligence. If the transcript showed that the court gave this instruction on its own motion alone and that the defendant did not induce him to give it, we would say that the first sentence, at least, was clearly erroneous.

But the defendant induced the court to give the instruction by his own instruction number 5, requested by him and refused. Defendant also assigns this refusal as error. That requested instruction reads: "You are further in-

structed that the fact that the defendant carried liability insurance of itself is not proof of negligence on the part of the defendant, and the mere fact that the defendant carries insurance alone should not be considered by yourself in arriving at your findings."

In this requested instruction, by the use of the words "of itself" in the first clause and by the use of the words "the mere fact * * * alone" in the second clause, the defendant, by implication, wished the jury to be instructed and to understand that the matter of insurance might be considered in connection with other facts and circumstances bearing on negligence. The trial court accepted defendant's view of the law on this subject and merely amplified it in the first sentence of its instruction number 10 by telling the jury that the insurance (which defendant requested the court to say could not be considered "alone") could be considered with all the other facts and circumstances appearing in evidence. Where instructions given by a court have the same effect as those refused, error does not result from the refusal. *Sonneman v. Atkinson,* 121 Neb. 752; *Payne v. Clark,* 117 Neb. 238; 14 R. C. L. 815, sec. 73. If the court erred in relation to these instructions the defendant cannot now complain. Instruction number 10 contained defendant's theory of the law as expressed and implied in his requested instruction number 5. Fairness to the trial court prevents defendant from challenging now that which he himself induced the court to do then.

Defendant assigns error because the court excluded certain official highway rules and regulations printed and issued by the department of public works. The authority for the department to make these rules was provided by the legislature in 1919. Laws 1919, ch. 190, title VII, Department of Public Works, art. II, State Highways, sec. 15. This section is now section 39-1416, Comp. St. 1929. It says: "In order to promote public safety and to preserve and protect state highways and prevent immoderate and destructive use of the same, the department of public works may formulate such rules and regulations in regard to the

use of and travel upon the state highways, not inconsistent with the provisions of this article, as said department may deem proper. Such rules and regulations shall be published and issued in pamphlet form by said department and designated as the official state highway rules and regulations of the department of public works, and shall be available upon request to the general public free of charge." The offer in evidence called especial attention to paragraphs (j) and (k) of section 13, "Driving Rules and Regulations" which read as follows:

"(j) A vehicle shall not tow more than one other vehicle and no tow connection shall exceed 16 feet in length, provided special permission may be granted by the department of public works on highway construction or for other properly regulated uses for the use of more than one trailer."

"(k) A vehicle loaded with material extending more than 5 feet beyond the rear of the vehicle shall have fastened on the rear end of the material a red flag by day and a red light by night."

These rules are reasonably adapted "to promote public safety" and we are not shown nor do we find that they are inconsistent with the provisions of the article of which section 39-1416 is a part. Plaintiff's counsel, on oral argument, stated that the printed rules applied only to motor vehicles. We do not so understand them. The department was authorized by the statute quoted to make rules "to promote public safety" upon the state highways. The printed rules apply in terms to any "vehicle," which word they expressly define (p. 4) as "Any conveyance propelled or drawn by its own or other power;" and they define a "motor vehicle" as "Any automobile, truck or motorcycle." So a motor vehicle is a vehicle, and a wagon or a mower, drawn or devised to be drawn by animals, is a vehicle within the meaning of the rule. The evidence shows that plaintiff's wagon was drawn by horses and that the tongues of his mowers were elevated so as to hitch the tows closer to the wagon. So the mowers were vehicles and were towed by a vehicle within the contemplation of the rules. We are

of the opinion that the rules were admissible and that paragraph (j) was particularly applicable to defendant's theory and should have been submitted to the jury to be considered with other evidence in determining whether plaintiff was guilty of negligence and the extent thereof. We do not discover from the evidence that paragraph (k) was applicable to it. So its exclusion was not erroneous.

Instruction number 7 was complained of on the ground that it cast the burden of proof upon defendant to prove contributory negligence of the plaintiff. The words "as a cause of action" probably limited that instruction to plaintiff's proof of defendant's negligence. However, as defendant concedes that instruction number 5 correctly states the elements plaintiff is required to prove and number 15 correctly states the rule on comparative negligence, it would have been less likely to confuse the jury if number 7 had been omitted. On a retrial this will probably be done.

Other errors are assigned, but we do not find them prejudicial and think it unnecessary to consider them in view of our decision to send the cause back for another trial.

The judgment of the district court is reversed and the cause remanded for further proceedings.

REVERSED.