ORVILLE MOFFITT, APPELLANT, V. STATE AUTOMOBILE INSURANCE ASSOCIATION, APPELLEE.

297 N. W. 918

FILED MAY 2, 1941. No. 30989.

*Horace V. Noland* and *Peterson & Devoe,* for appellant.

*Wear, Boland & Nye, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, CARTER, MESSMORE and YEAGER, JJ., and MEYER, District Judge.

Meyer, District Judge.

This is an action to require the defendant to pay a judgment rendered in favor of plaintiff against one Ralph Dean for injuries suffered as a result of being struck by Dean's truck, which truck was insured by the defendant. The case was tried on an agreed statement of facts without the intervention of a jury. The trial court dismissed the action and plaintiff appealed.

At the time of the accident the truck was towing a hay grinder. Parties agree that the sole question involved is the interpretation of the following clause of the insurance contract: "This contract does not cover losses resulting * * * while any automobile described herein is being used or maintained under any of the following conditions: * * * (d) Loss or damage while the automobile described is being used for towing or propelling any trailer or vehicle (incidental assistance to a stranded automobile on the road being permitted)." Was the hay grinder a trailer or a vehicle within the meaning of said provision?

While in our opinion little ambiguity exists, yet it is an established rule that in case of doubt an insurance policy is to be liberally construed in favor of the insured. *Hamblin v. Equitable Life Assurance Society*, 124 Neb. 841, 248 N. W. 397. If an exception to liability is susceptible of two meanings, that construction will be adopted which is most favorable to the assured. *Haas v. Mutual Life Ins. Co.*, 84 Neb. 682, 121 N. W. 996; *Crowe v. Merchants Life & Casualty Co.*, 202 Ia. 43, 209 N. W. 406.

The terms "trailer" and "vehicle" are often carelessly used, yet their meaning is well established. A trailer is usually referred to as a conveyance designed to supplement the carrying capacity of the vehicle to which it is attached and is ordinarily defined either in terms of vehicle or conveyance. In one instance we find a vehicle classed as "Any mechanical device moving by any other power than human power over the highways of the state excepting only such as move exclusively on railroad tracks." However, by the great weight of authority it too is defined as "That by

which anything is conveyed or transported, or which serves as a means or way of carriage." 13 C. J. 896. See, also, 18 C. J. S. 90. In the Nebraska motor vehicle laws and official state highway rules and regulations of the Nebraska department of roads and irrigation issued in accordance with legislative authority, 1939, page 144, it says: "A trailer means every vehicle without motive power designed for carrying persons or property and for being drawn by a motor vehicle and so constructed that no part of its weight or load rests upon the towing vehicle." And at page 141 a vehicle is defined as "Any conveyance propelled or drawn by its own or other power."

Webster's International Dictionary says a trailer is "A vehicle or one in a succession of vehicles hauled, usually, by some other vehicle." In 63 C. J. 763, it is defined as a "separate vehicle, which is not driven or propelled by its own power." In *Maryland Casualty Co. v. Aguayo*, 29 Fed. Supp. 561, it was held that a cement mixer was not a trailer within the meaning of the California statute defining trailer as "A vehicle without motive power designed for carrying persons or property on its own structure and for being drawn by a motor vehicle and so constructed that no part of its weight rests upon the towing vehicle." See, also, *Long v. Hicks*, 173 Wash. 17, 21 Pac. (2d) 281; *Coleman Bros. v. Union Street R. Co.*, 292 Mass. 557, 198 N. E. 917.

A vehicle is defined as "That in or on which a person or thing is or may be carried from one place to another * * *; a means of conveyance." Webster's International Dictionary. "Any carriage moving on wheels or runners used, or capable of being used, as a means of transportation on land;" 1 Berry, Automobiles (6th ed.) sec. 19. "A means of conveyance; an instrumentality for transporting persons or things from place to place; * * * specifically, a means of conveyance upon land." 66 C. J. 427. "Every device in, upon, or by which any person or property may be transported or drawn upon public street 'excepting devices * * * used exclusively upon stationary rails or tracks.'" 5 Words and Phrases (5th Series) 1043. See 44 Words and Phrases

(Perm. ed.) 92, 98; *Di Guilio v. Rice*, 27 Cal. App. (2d) Supp. 775, 70 Pac. (2d) 717. In passing upon an exclusionary provision of somewhat similar import the court in *Waddey v. Maryland Casualty Co.*, 171 Tenn. 112, 100 S. W. (2d) 984, 109 A. L. R. 654, defined vehicle as "Any conveyance moving on wheels or runners used or capable of being used as a means of transportation on land."

It is difficult to find a definition anywhere which classifies either trailer or vehicle in any other terms than that of conveyance, and it is stipulated that the hay grinder in question was not constructed or designed to carry passengers or any goods or merchandise, therefore in our view it was not included within the meaning of the exclusionary provisions of the policy.

In support of its position defendant cites *Trussell v. Ferguson*, 122 Neb. 82, 239 N. W. 461, wherein the court in deciding a question of evidence stated that a mower was a vehicle, within the meaning of the rule of the department of roads and irrigation providing that "A vehicle shall not tow more than one other vehicle * * *." The action was for personal injury and the rule has been superseded by the provisions of section 39-1034, Comp. St. Supp. 1939, which now deals with the over-all length of vehicles and combinations of vehicles on the highway and farm machinery is specifically excluded from its provisions.

Defendant likewise urges that by section 60-328, Comp. St. Supp. 1939, entitled "Motor Vehicle Registration, Fees, Enumerated," implements of husbandry including hay grinders are classed as vehicles. If so classed it is merely because under this heading farm implements are named along with passenger cars, trailers, semi-trailers, and trucks as subject to registration. If anything, they are classed as motor vehicles, but whatever the classification, it is limited and indefinite and nowhere in the motor vehicle code do we find either a vehicle or a trailer specifically defined or farm implements referred to as either. In fact, they are named in addition to trailers and vehicles and therefore excluded from the coverage of said terms. In the

absence of specific definition or more certain classification, certainly it could not be claimed that the insurance contract was entered into with reference to this section. See *Paltani v. Sentinel Life Ins. Co.*, 121 Neb. 447, 237 N. W. 392.

The attachment of a trailer or a vehicle to a truck while being operated is clearly an added hazard for which extra premium is properly charged. It is significant we think that only vehicles and trailers are named in the exclusionary provision of this policy. Had it desired to do so, the insurance company could likewise have excluded farm machinery and other implements or made the provision all-inclusive by providing that the policy would not apply when the truck was used for towing. Adopting the reasoning of *Maryland Casualty Co. v. Aguayo, supra,* it may be that the insurance company was willing to assume the risks incidental to the casual towing of farm machinery in order to secure business in a competitive field. Whatever the reason, its exclusionary clause named two items but did not mention others, and the company must be held strictly to its contract. To hold that the hay grinder in question was included in the exclusionary clause would be to extend the meaning of the words employed by the company beyond their ordinary meaning in disregard of the well-established rules of construction.

The judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED.