ORVILLE MOFFITT, APPELLANT, V. STATE AUTOMOBILE
INSURANCE ASSOCIATION, APPELLEE.

300 N. W. 837

FILED NOVEMBER 21, 1941. No. 30989.

*Horace V. Noland, Peterson & Devoe* and *C. E. Barney,* for appellant.

*Wear, Boland & Nye, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

CARTER, J.

Plaintiff recovered a judgment against Ralph Dean for the negligence of the driver of Dean's truck while it was being operated on a public highway. At the time of the accident the truck was towing a hay grinder. Prior to the time of the accident, defendant had issued a policy of automobile insurance to Ralph Dean, insuring him against loss resulting from the negligent operation of the truck. This suit was brought to compel defendant to pay the judgment plaintiff had obtained against Dean.

Defendant contends that no liability exists under the contract of insurance because of the following exclusionary clause contained in the policy: "This contract does not cover losses resulting * * * while any automobile described herein is being used or maintained under any of the following conditions: * * * (d) Loss or damage while the automobile described is being used for towing or propelling any

trailer or vehicle." The only question for determination is whether the hay grinder was a trailer or vehicle within the meaning of the exclusionary provision of the insurance policy.

The hay grinder is described in the stipulation of facts as having four wheels with rubber tires which were the same width as the inner wheels of the truck, they being standard truck width. The grinder weighed between one and one and one-half tons and was not equipped with any braking device. The hay grinder was about ten feet long and eight feet high and had both a front and rear axle with no independent motive power. The weight of the grinder was about equally distributed over the four wheels. The chassis was not constructed or designed to carry passengers, goods or merchandise, its function being limited to the conveyance and support of the hay grinder.

We think the hay grinder was a vehicle within the meaning of the insurance contract. In construing a contract of insurance, the words used will be considered in their ordinary and popular sense. What, then, is the commonly accepted meaning of the word "vehicle?" We think the common meaning is: "That in or on which a person or thing is or may be carried from one place to another, esp. along the ground, also through the air; any moving support or container fitted or used for the conveyance of bulky objects; a means of conveyance." Webster's New International Dictionary. One of the definitions of the word "trailer" by the same authority is: "A nonautomotive highway vehicle designed to be hauled, as by a tractor, a motor truck, or a passenger automobile." Giving the words of the policy their ordinary and usual significance, it seems to us that the hay grinder and its four wheeled support are within the exclusionary provision.

We think the foregoing decision is supported by ample authority. It has been held that a mowing machine is a vehicle. *Trussell v. Ferguson*, 122 Neb. 82, 239 N. W. 461. A thresher and cleaner mounted on axles and wheels while being drawn from farm to farm has been held to be a ve-

hicle. *Vincent v. Taylor Bros.*, 180 App. Div. 818, 168 N. Y. Supp. 287. A child's conveyance constructed from the frame of a pony buggy having front and back axles and four wheels from a Ford automobile was held to be a vehicle. *Waddey v. Maryland Casualty Co.*, 171 Tenn. 112, 100 S. W. (2d) 984. A bobsled towed behind an automobile has been held to be a vehicle and trailer. *Long v. Hicks*, 173 Wash. 17, 21 Pac. (2d) 281. A horse-drawn road grader going to place of work was held to be a vehicle in *Sant v. Continental Life Ins. Co.*, 49 Idaho, 691, 291 Pac. 1072. And in *Maryland Casualty Co. v. Cross*, 112 Fed. (2d) 58, it was held that a two-wheeled vehicle attached to the rear of an automobile for carrying tools and materials is a trailer or a vehicle used as a trailer within an exclusionary provision of an insurance contract.

There is much in the briefs regarding definitions contained in chapter 39, Comp. St. Supp. 1939. We realize that for purposes of classification for licensing or taxing the legislature often must define the terms used to adequately express the purpose of a legislative act. But such definitions do not change the common meanings of words used in matters disconnected therewith, unless such definitions be adopted by reference. The legislative definition of terms used is ordinarily limited to the act itself, or matters incidental to it.

Plaintiff contends for the rule that in case of ambiguity or uncertainty the meaning thereof should be resolved against the insurer, it being the one who prepared the contract. As a principle of law, the statement is correct. But the court must not indulge in scholastic subtleties to make words with certainty of meaning ambiguous in order to apply the rule. In the words of the late Judge Sanborn: "This rule ought not to be permitted to have the effect to make a plain agreement ambiguous, and then to interpret it in favor of the insured." *Standard Life & Accident Ins. Co. v. McNulty*, 157 Fed. 224. See *Gorman v. Fidelity & Casualty Co. of New York*, 55 Fed. (2d) 4.

We conclude that the hay grinder herein described was a

trailer or vehicle within the common and ordinary meaning of the words used in the exclusionary clause of the policy and that our former opinion appearing in 139 Neb. 512, 297 N. W. 918, is in error in holding to the contrary.

AFFIRMED.