**COMMERCIAL STANDARD INS. CO. v.
GILMORE, GARDNER & KIRK
OIL CO. et al.**

**No. 3376.**

Circuit Court of Appeals, Tenth Circuit.

Nov. 12, 1946.

Rehearing Denied Dec. 26, 1946.

Duke Duvall, of Oklahoma City, Okl. (Dudley, Duvall & Dudley, of Oklahoma City, Okl., on the brief), for appellant.

Coleman Hayes, of Oklahoma City (Monnet, Hayes & Brown, Rex Belisle, and Priest & Belisle, all of Oklahoma City, Okl., on the brief), for appellees.

Before PHILLIPS and HUXMAN, Circuit Judges, and BROADDUS, District Judge.

HUXMAN, Circuit Judge.

The question presented by this appeal is whether death by burning following a collision between a railroad locomotive and a gasoline truck filled with gasoline is within the coverage of two liability policies issued by the appellant company, or whether it is excluded therefrom by an exclusion clause to be noted hereafter.

The facts are not in dispute and are substantially as follows: Gilmore, Gardner & Kirk Oil Company was a co-partnership engaged in transporting gasoline by truck. To obtain the necessary permit to carry on its business, it filed the statutory liability policy executed by the appellant company with the Oklahoma Corporation Commission. This policy had attached to it the required statutory Form E Endorse-

ment. The coverage under this policy was $5,000 for injuries to or death of one person, and $10,000 for injuries to or death of more than one person arising out of a single accident. Appellant also delivered to the insured a duplicate original of such policy without the statutory Form E Endorsement, increasing the limits of liability to $10,000 and $30,000 respectively. On or about March 16, 1946, a two-unit vehicle, composed of a 1941 White tractor, owned by Gilmore, Gardner & Kirk Oil Company, and a 1941 Butler gasoline tank transport semi-trailer, owned by Charles B. True, while loaded with approximately 4,000 gallons of gasoline and driven by a servant and employee of Gilmore, Gardner & Kirk Oil Company, was struck by a passenger train locomotive at a grade crossing. As a result of the collision the tank was ruptured and the contents were spilled. The gasoline became ignited, resulting in the death by burning of four persons.

The appellant company acknowledged its liability under the statutory policy, but denied liability under the additional non-statutory policy. Appellant instituted this action for a declaratory judgment, seeking an adjudication of its liability under this policy for the additional insurance, and for a further adjudication of its right to reimbursement from the insured because of its statutory liability, which it was required to assume by the laws of Oklahoma. The trial court made findings of fact, and based thereon concluded as a matter of law that appellant was liable for the resulting loss within the limits of the policy for additional insurance, and entered a judgment against appellant in conformity therewith. The trial court failed to pass upon the legal right of appellant to reimbursement from the insured by virtue of its liability under the statutory rider required by the laws of Oklahoma. Other issues were involved in the trial court and were appealed from. Our disposal of the main contention makes it unnecessary to note these, as will presently appear.

Whether the appellant company was liable for the resulting loss under the policy for the additional insurance depends upon a construction of Exclusion Clause (h). This provides that the policy does not apply: "(h) to liability for loss or expense resulting from fire or explosion occurring within the contents of any vehicle (whether such contents be loaded or unloaded) or from leakage of such contents, except contents of the ordinary fuel tank containing fuel for the propulsion of the described automobile only." The trial court concluded that Exclusion Clause (h) was ambiguous, and that under the well known doctrine of construction in such cases, must be construed most strongly against the company, and accordingly found the company liable. We find no fault with the rule of construction. It applies with equal vigor and force and to the same extent to exclusion clauses in policies as to any other provisions therein. We are, however, unable to agree with the court that the exclusion clause is ambiguous so as to require the application of the rule to ascertain the meaning and intent of the parties. Courts should not by subtle or super-refined reasoning or analysis create an ambiguity or uncertainty in language in insurance contracts any more than in any other contract, in order to then explain it away. As stated by us in Mandles v. Guardian Life Ins. Co. of America, 10 Cir., 115 F.2d 994, an ambiguity must not be created in order to permit the rule of construing ambiguous language most strongly against the insurance company. Or, as stated by the Supreme Court of Nebraska, in Moffitt v. State Automobile Ins. Assoc., 140 Neb. 578, 300 N.W. 837, 838: "But the court must not indulge in scholastic subtleties to make words with certainty of meaning ambiguous in order to apply the rule."

It would appear that to a layman of ordinary intelligence, the language of the exclusion clause is clear and free from ambiguity, and could mean only that the company was not liable for loss resulting from fire or explosion which occurred within the contents of any vehicle, whether such contents were loaded or unloaded, or from leakage of such contents, excepting only explosion or fire within the ordinary fuel tank attached to a vehicle and used for its propulsion. The collision with the locomotive did cause a leakage of the gasoline in the transport trailer, which then caught fire and caused the loss. If this

language is plain and unmistakable as to its meaning to the layman of ordinary intelligence, it should be equally clear to the legal mind.

Counsel for appellees contend, if we correctly understand their position, that in order to be excluded, the loss must have resulted from a fire or explosion within the contents of the vehicle or within the vehicle. This construction is untenable, because in language too plain to be misunderstood, the policy excludes liability for loss from fire or explosion even if it occurs while the contents are unloaded, or if caused from leakage of the contents. Clearly, the liability excluded is that which results from fire or explosion of the cargo, while loaded or after it was unloaded, or from leakage thereof, as distinguished from fire or explosion resulting from the contents of the gasoline tank, which were used to propel the vehicle.

We had a similar question before us in Maryland Casualty Co. v. Morrison, 10 Cir., 151 F.2d 772, 775. Appellees seek to distinguish that case from this on the language of the exclusion clause used there, and on the further contention that we held that under the language of the exclusion clause in that policy, proximate cause of the loss was not an element to be considered, while under the language of this policy it is a factor to be taken into account.

While the language of the exclusion clause in the Morrison case was slightly different, its meaning and the effect thereof was no different from the language employed here. There the language employed excluded "accidents arising out of", while here it excludes "loss resulting from." What was meant, of course, was that liability for accidents arising out of explosions was excluded, which in turn means liability for loss resulting from such accidents, because there can be no liability for the accident. The liability is for the loss resulting therefrom. Neither does it make any difference whether the language employed is "liability for accidents arising out of explosion" or "liability for accidents resulting from explosions."

Appellees attempt to distinguish this case from the Morrison case on the further ground that the rule of proximate cause controls the disposition of this case, while it had no application in the Morrison case. This attempts a distinction without a difference. Proximate cause is always present in liability insurance contracts. In order to establish liability, the loss must result from an act or operation covered by the policy. It must be the proximate result thereof. Unless it is, there is no liability under the coverage. The purpose of an exclusion clause is to eliminate from coverage specified losses which are the proximate result of operations covered by the policy and which only for the exclusion clause would remain under the coverage. There is no need, ever, to exclude losses which are not the proximate result of coverage.

We recognized the general application of the proximate cause rule under liability insurance contracts in the Morrison case. We said: "When the parties came to express the extent of coverage under the policy, they provided for insurance against loss 'caused by accident and arising out of the ownership, maintenance or use of' the insured vehicles." We further said that the "parties contemplated liability only for losses caused by negligent accidents of the insured arising out of the operation and maintenance of the insured vehicle." This is the rule of proximate cause. When we came to a consideration of the exclusion clause, we stated that: "By its incorporation in the contract, the parties intended to exclude from the general coverage a certain class of negligent accidents, to-wit, those arising out of explosions of butane gas." The effect of this was to say that by the exclusion clause the parties contracted to remove from coverage certain losses which were the proximate results of acts which would establish liability under the general coverage except for their exclusion. We pointed out that a construction of an exclusion clause which merely excluded losses that were not the proximate result of an insured risk would be meaningless because there could be no liability for such losses in the absence of an exclusion

clause. The effect of the Morrison decision is that it was not necessary to consider the proximate cause of the explosion, because by their contract the parties had removed from coverage liability for loss resulting from explosions that were the proximate result of an insured risk.

Having concluded that there is no liability for the resulting loss by virtue of the exclusion clause, it is not necessary to consider the other contentions advanced by appellant, tending to establish non-liability. The only remaining question, then, is whether appellant was entitled to declaratory judgment determining its right to recoupment from the insured for the loss it was compelled to pay under the statutory E Endorsement required by the laws of Oklahoma. The substance of Form E Endorsement required by Oklahoma law is that the contracting parties may not vary, modify or alter in any way the statutory liability imposed by the laws of Oklahoma in liability insurance of this character. It is because of this that the company was liable for the loss under the statutory policy, notwithstanding the exclusion clause. In other words, it was bound to assume the loss which it excluded in the non-statutory additional policy.

Subsection (c), under the subhead of "Special Agreements" in the policy, provides as follows: "As between the insured and the Company the terms of this policy shall govern as though the endorsement or endorsements prescribed and required under the provisions of the laws or regulations of any State or States or of the United States were not attached; and in consideration of the attachment of said endorsement or endorsements at the request of the insured, the insured agrees that if the Company shall be obliged to pay any claim which it would not have been required to pay except for said endorsement or endorsements the insured named in this policy shall reimburse the Company for any and all sums and disbursements of every kind, including loss payments, costs and expenses, which it shall have paid in connection with such claims, plus expenses incurred by the Company in enforcing the terms of the agreement contained in this Clause C." Appellant contends that this provision of the contract binds the insured to reimburse the company for the claim which it is required to pay by virtue of the statutory Form E Endorsement, and which except therefor would have been removed from coverage by Exclusion Clause (h). The merit of this contention is not before us for determination. That is a question which must be determined in the first instance by the trial court. The only question before us is whether this presented a justiciable controversy within the spirit of the declaratory judgment act.

What constitutes a justiciable controversy for the purpose of a declaratory judgment under the declaratory judgment act, Jud.Code, § 274d, 28 U.S.C.A. § 400, was considered by the Supreme Court in Ætna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000. It was there stated that the controversy must be definite and concrete and must touch the legal relationships of the parties having adverse legal interests. That case was reviewed by the Supreme Court in Maryland Casualty Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 61 S.Ct. 510, 85 L.Ed. 826, where it was again stated that basically the question in each case was whether the facts alleged under all the circumstances show that there is a substantial controversy between the parties and an adverse legal interest of sufficient immediacy and reality to warrant the issuance of a declaratory judgment. It would appear that the question whether the insurance company is entitled to reimbursement under the above quoted provision of the policy meets the test laid down in these decisions. The insurance company has admitted its liability for the loss under the statutory policy, and claims the right to be reimbursed for this loss by the insured. The insured, on the other hand, in its answer denied the company's right to reimbursement. This constitutes a present, substantial, existing controversy between the parties, and one that should have been adjudicated.

For the reasons above stated, the judgment of the trial court is reversed, and the cause is remanded, with directions to proceed in conformity with the views expressed herein.