COMMERCIAL STANDARD INS. CO. v.
MADDOX et al.

No. 14278.

United States Court of Appeals,
Eighth Circuit.

June 13, 1951.

Sam Mandell, Kansas City, Mo. (Roy
Coyne, Joplin, Mo., and Popham, Thompson,
Popham, Mandell & Trusty, Kansas City,
Mo., were with him on the brief), for ap-
pellant.

Ralph Baird, Joplin, Mo. (Richard K. McPherson, Joplin, Mo., and Wilson Barrow, Macon, Mo., were with him on the brief) for appellees.

Before GARDNER, Chief Judge, and THOMAS and JOHNSEN, Circuit Judges.

THOMAS, Circuit Judge.

This is an appeal by the plaintiff from a judgment for the defendants in an action for a declaratory judgment. Jurisdiction is predicated on diversity of citizenship of the parties and the amount involved. The plaintiff is a Texas corporation engaged in the insurance business. The defendants, residents of Missouri, constitute a partnership. They operate tractors with tank trailers in the State of Kansas for the purpose of transporting gasoline.

On May 10, 1945, plaintiff issued to defendants an automobile liability policy on its public transportation form by the terms of which it insured defendants against liability arising from the operation of specified trucks for the ensuing year. The limits of liability by the terms of the policy were $25,000 for injury or death of any one person and $50,000 for any one accident.

Exclusion (h) of the policy reads: "The policy does not apply: * * * (h) to liability for loss or expense resulting from fire or explosion occurring within the contents of any vehicle (whether such contents be loaded or unloaded) or from leakage of such contents, *except contents of the ordinary fuel tank containing fuel for the propulsion of the described automobile only.*" (Italics supplied.)

To comply with the laws of the State of Kansas a copy of the policy was filed with the Corporation Commission of that state to which copy there was attached Endorsement 353 which fixed maximum liability to any one person of $5,000 and $20,000 in any one accident. There was also attached, as required by the laws of Kansas, Endorsement 300, which provided:

"Nothing contained in the policy or any endorsement thereon, nor the violation of any of the provisions thereof by the Insured, shall relieve the company from liability thereunder as an insurer * * *."

The policy also provided: "(c) As between the Insured and the Company the terms of this policy shall govern as though the endorsement or endorsements prescribed and required under the provisions of the laws or regulations of any State or States or of the United States were not attached; and in consideration of the attachment of said endorsement or endorsements at the request of the Insured, the Insured agrees that if the Company shall be obliged to pay any claim which it would not have been required to pay except for said endorsement or endorsements the Insured named in this policy shall reimburse the Company for any and all sums and disbursements of every kind, including loss payments, costs and expenses, which it shall have paid in connection with such claims, plus expenses incurred by the Company in enforcing the terms of the agreement contained in this Clause C."

The question presented is whether damages for personal injury by burning resulting from the negligent wrecking of the insured's trailer truck under the evidence in this case is within the coverage of the above described policy or whether it is within exclusion clause (h).

The events resulting in this litigation occurred in the state of Kansas. On February 25, 1946, an agent and employee of the defendants was operating eastward on U.S. Highway 66 in Labette County, Kansas, a tractor and tank trailer loaded with gasoline, which were covered by the policy involved herein, when as a result of the driver's negligence the tractor and trailer ran off the north side of the road into a ditch. The tractor stopped with the front end elevated against the opposite bank. The trailer with the tank of gasoline ran into it, broke in the rear end, and stopped, standing in an east-west position so inclined that gasoline escaped and ran in the ditch and over the surrounding ground. The force of the collision of the front of the trailer with the tractor pinned the driver in his seat, crushed and broke the fuel tank under his seat so that gasoline escaped

therefrom into the driver's cab. The driver called for help and was heard by one Elvin Dodson who came to his relief. While Dodson was attempting to aid the driver a fire occurred which burned up the tractor and trailer and the driver and severely burned Dodson.

Thereafter, in the state court of Missouri Dodson sued the defendants for damages. The plaintiff's attorneys investigated the accident and defended the case. A judgment was entered therein for the plaintiff Dodson for $20,000. Upon appeal to the Supreme Court of Missouri the judgment was affirmed. Dodson v. Maddox, 359 Mo. 742, 223 S.W.2d 434. After the judgment was affirmed the plaintiff herein and the defendants, pursuant to a written stipulation reserving their respective rights, satisfied the judgment by payment by the plaintiff herein of the sum of $5,000 and $435 interest and costs, and by payment by the defendants of the sum of $15,000 and $1,-315 interest.

Thereafter, in August, 1948, the plaintiff brought this action in the district court under 28 U.S.C.A. § 2201 praying the court to find and declare

(a) That the cause of loss, if any, arising through the casualty in which Dodson was injured is not within the coverage afforded by the policy issued to defendants, and that it is not liable under said policy because of said casualty and the ensuing loss;

(b) That if plaintiff is liable it is only because of Special Endorsement 300 (supra); that its liability was only to Dodson and is limited to $5,000; and that it is entitled to recover said amount and interest from the defendants; and

(c) That if it be held that plaintiff was liable to Dodson it be held also that defendants are liable over to plaintiff for any such amount in accordance with Special Agreement (c), supra.

The defendants answered admitting the casualty in which Dodson was injured, the trial in the state court and the judgment rendered therein and the facts stipulated, denying other allegations of the complaint, and asking the court to find and declare:

(a) That the casualty in which Dodson was injured is within the coverage of the policy;

(b) That defendants are not liable over to the plaintiff;

(c) That plaintiff's liability is limited only to $25,000;

(d) That plaintiff is liable to the defendants in the sum of $18,065, with interest on the sum of $16,315.

At the conclusion of the trial, after overruling plaintiff's motion for judgment, the court made findings of fact, conclusions of law and entered judgment for the defendants, declaring that the plaintiff is liable to the defendants in the sum of $16,315 with interest and costs. The plaintiff then filed motions to set aside the judgment and findings of the court and for leave to take depositions, all of which were overruled, and the plaintiff appealed.

The plaintiff contends that the court erred:

1. In finding and holding that Dodson's injuries and the ensuing loss resulted from fire of the contents of the fuel tank under the seat of the tractor and that the ignition of the gasoline used for the propulsion of the tractor was the cause of such injuries and loss, and not, therefore, within exclusion clause (h);

2. In failing to sustain plaintiff's motion for judgment in its favor on the ground that the cause of Dodson's injuries was judicially determined in Dodson's action in the state court and that such injuries and loss are excluded from coverage by exclusion clause (h), supra; and

3. In failing to sustain plaintiff's alternate motion for judgment on the grounds that (a) defendants are estopped by their conduct to deny that Dodson's injuries and the loss were caused by fire or explosion of the contents of the cargo tank; (b) defendants have breached the conditions of the policy respecting notice and cooperation; and (c) it is shown by the greater weight of the evidence that Dodson's injuries and the ensuing loss were caused by fire or explosion of the contents of the cargo tank.

764

■ First, did the court err in finding that Dodson's injuries and the ensuing loss resulted from the ignition and burning of gasoline escaping from the fuel tank under the driver's seat in the cab of the tractor? Unless the court's finding that it did is clearly erroneous, it is of course binding on this court. Rule 52 of the Federal Rules of Civil Procedure, 28 U.S.C.A.; Peterson v. Denevan, 8 Cir., 177 F.2d 411, 412.

The plaintiff-appellant introduces its argument on this point as follows: "We admit that the record contains evidence which sustains the trial court's finding of fact (with its corollary conclusion of law) that 'The evidence is that there was an ordinary fuel tank containing gasoline, used for the propulsion of the tractor, under the seat of the cab thereof, and that such tank together with the cab were so pushed forward and smashed that the driver of the tractor was pinioned in the cab thereby. The inference to be made therefrom is that gasoline, the contents of the tank under the seat of the tractor, flowed into the cab and it is that which caught fire and spread to the gasoline spilled in the ditch. Liability for loss resulting from fire of the contents of the ordinary fuel tank containing fuel for the propulsion of the automobile described in said policy of insurance is not an excepted risk thereunder.'"

Plaintiff argues that a review of the evidence will convince one that a mistake was committed by the court. It is observed that the trial occurred 51 months after the casualty happened, and that the witnesses at the trial were mistaken is shown by the following circumstances: that in a letter written by the defendants to the plaintiff on March 4, 1946, it is stated that according to their best information "the trailer turned over on its side." In that same letter, however, the defendants reported to the plaintiff that "* * * while the rescuers were trying to extricate Mr. Howard [the driver] from the cab a fire, preceded by a slight explosion started in the cab, resulting in a fire which burned to death M. Clyde D. Howard * * * and severely burned Alvin Dodson * * *." The letter as a whole is not inconsistent with the finding of the court. Since the evidence

shows that the cab came to rest against a bank, fronting north up the bank, it is apparent that the gasoline from the tank in the ditch was not the gasoline which ignited in the cab. Further, although the plaintiff had the letter in question in its possession it was not introduced in evidence at the trial. The court permitted it to be made an exhibit after the trial had ended.

Another circumstance claimed to demonstrate that the court erred or was mistaken was the fact that defendants did not reply to a letter of plaintiff dated April 29, 1947, in which they were advised that plaintiff would undertake the defense of the Dodson case in the state court only because of Endorsement 300 and with full reservation of its rights. We fail to appreciate the inference drawn from this fact by the plaintiff. Another matter pointed out by plaintiff in respect of this contention fails to overcome the finding of the court. This is that defendants' attorney at the time of the accident, but who died prior to the trial of the instant case, saw the fuel tanks on the tractor after the casualty and did not mention the fact at the time of the Dodson trial in the state court. This overlooks the fact that the place where the fire started was not an issue in the case in the state court.

■ We need not pursue the argument that a mistake was made by the court. We have read the record carefully. Four witnesses whose testimony is undisputed testified that the fuel tanks in the cab containing the gasoline for the propulsion of the tractor were crushed and the gasoline escaped into the cab where the fire started. It would have been clear error for the court to have found otherwise.

■ Plaintiff next contends that the court erred in overruling its motion for judgment made at the close of all the evidence on the ground that the cause of the loss was judicially determined in the action in the state court in which Dodson was the plaintiff against these same defendants, and that the plaintiff here is not liable for such loss for the reason that it is covered by exclusion clause (h) of the policy.

On this point the trial court found and declared that "The decision of the Supreme Court of Missouri in the Dodson case is not res judicata of any issue of fact presented by the pleadings and evidence in the case at bar. The proximate cause of the injury to Dodson as there sustained is not the same proximate cause that establishes liability on plaintiff under the terms of the policy of insurance in suit and the evidence in this action for the loss sustained by defendants." Citing Commercial Standard Ins. Co. v. Gilmore, Gardner & Kirk Oil Co., 10 Cir., 157 F.2d 929. In the Dodson case in the state court the cause of action was predicated upon the negligence of defendants' servant, the driver of the tractor. The question of where the fire started was not in issue. The Supreme Court of Missouri in the Dodson case, supra, said: "* * * No issue as to the immediate cause of the fire was submitted * * *. There was no direct evidence as to how, why or where the gasoline took fire * *." [359 Mo. 742, 223 S.W.2d 436.] The law of Missouri is that when the causes of action are different, the judgment in the first is conclusive only as to matters which were in fact litigated therein. The question of whether the fire which burned Dodson was within Exclusion clause (h) was not in issue in his case in the state court, and no evidence upon that issue was offered or received. State of Oklahoma v. State of Texas, 256 U.S. 70, 85, 41 S.Ct. 420, 65 L. Ed. 831; 30 Am.Jur., Judgments § 161, et seq., Woodbury v. Porter, 8 Cir., 158 F.2d 194. The cases cited by the appellant are not inconsistent with the principles stated above.

Finally, the plaintiff argues that the court erred in overruling its alternate motion for judgment in its favor at the close of all the evidence on the grounds that: "(a) Defendants, by their conduct, are estopped to deny that Dodson's injuries and ensuing loss were caused by fire or explosion of the contents of the cargo tank; (b) the defendants have breached conditions of the policy respecting notice and cooperation and are not entitled to coverage under the policy; (c) on the greater weight of the evidence, Elvin Dodson's injuries and en-suing loss were caused by fire or explosion of the contents of the cargo tank, and plaintiff is not liable to defendants under its policy."

Counsel for plaintiff argue that Mr. Hollingshead, attorney for the defendants at the time of the trial in the state court, but since deceased, agreed with Mr. Coyne, counsel for plaintiff, that they saw no liability in the Dodson case; that no adequate notice of the casualty was given; and that plaintiff's counsel relied upon the alleged representation of defendants that the tank trailer had overturned and was lying on its side; and that for all these reasons plaintiff refused to settle the Dodson case in May, 1946, when Dodson's attorney offered to accept $4,750 in settlement. The court found no merit in these contentions and we agree. The record shows, and the court found, that "Within two days following the casualty, defendants gave notice to plaintiff of the happening" and plaintiff's counsel immediately investigated it for themselves. After making an investigation plaintiff advised the defendants that it would defend the action only because of Endorsement 300 attached to the policy.

No evidence whatever was introduced on behalf of the defendants on the trial of the Dodson case. Counsel for the defendants were present and assisted in the trial; and the court found that upon the record in that case counsel were not negligent in standing on their motion for a directed verdict. The case was tried solely upon the theory of negligence of defendants' servant in the operation of the tractor and trailer upon a public highway.

The charge that defendants failed to comply with the requirement of the policy that they give notice to the plaintiff is equally without merit. The casualty occurred on February 25, 1946. On the next day, February 26, 1946, defendants gave notice to the plaintiff, informing it of the casualty, and on March 4, 1946, they wrote, saying among other things, that according to their best information the fire started in the cab. There is no evidence of want of cooperation of defendants and their counsel.

The contention that the greater weight of the evidence shows that Dodson's injuries and the ensuing loss were caused by fire or explosion of the contents of the cargo tank is without merit. Witnesses who were either present at the time the fire started or who examined the wreck soon after testified that the fuel tank under the driver's seat in the cab was smashed up; one of them, Mr. Phillips, had his head inside the cab and saw the fire start at that point. He saw Dodson's clothes on fire and was burned slightly himself before he could get away. Mr. Albright testified that he and Mr. Coyne, plaintiff's attorney, examined the wreck the following morning; and Mr. Coyne did not testify or deny that Albright correctly described the situation.

We find no error in the findings and decision of the court.

Affirmed.