SAN MIGUEL & CO., INC., Plaintiff and Appellant, *v.* SECRETARY OF THE TREASURY OF PUERTO RICO, Respondent and Appellee.

No. 12384. Submitted April 29, 1960.—Decided May 18, 1961.

*Omar Cancio Sifre* for appellant. *Francisco Espinosa, Acting Secretary of Justice, Arturo Estrella, Assistant Secretary of Justice,* and *Basilio Santiago Romero, Assistant Attorney General,* for appellee.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

This is an action for refund of excise taxes. The Superior Court, San Juan Part, decided that air compressors operated by gasoline and "Diesel" oil are taxed under subdivision 35 of § 16 of the Internal Revenue Law (13 L.P.R.A. § 1064). Said court stated: "The compressors involved in the complaint are apparatus equipped with wheels, or (otherwise described) which have been designed for adaptation to or installation on platforms or chassis with wheels, and to be geared with any kind of tractor. Once they have been hauled or stationed at the place where they are to be used in any kind of work, usually construction or reconstruction work, they are used to compress air, to store it, and deliver it to utensils, tools, special apparatus, appliances or devices of all sorts, to carry out any kind of work in which the pressure of, or the energy contained in, its compressed air is required or useful."

In *Central Coloso* v. *Treasurer of Puerto Rico,* 74 P.R.R. 449 (decision delivered on March 20, 1953) we decided that compressors operated by gasoline or "Diesel" oil, as well as the parts therefor, are not subject to the excise levied by subdivision 20 of § 16 of the Internal Revenue Law.[1]

---

[1] We stated in said case, at 454 that "compressors operated by electricity or gas, as well as the parts or accessories therefor, are subject to the excise tax levied by subdivision 20 of § 16, while compressors operated by any other power or energy, or the parts for such compressors, are not."

The decision of the Secretary of the Treasury denying the refund of excise taxes requested by petitioner, is based in that said compressors are *vehicles* for the purpose of subdivision 35. It assumed the same position in the trial court and now before us.

Subdivision 35 of § 16 of the Internal Revenue Law, as amended by Act No. 147 of April 29, 1949, and which is the law applicable at the moment of the taxable event, provides:

"§ 1064.—Tractors, mechanical shovels, other vehicles and apparatus provided with wheels for all kinds of works.

"On tractors of all kinds, on every apparatus whether or not provided with wheels, designed for adaptation to, installation on, or gearing with any kind of tractor for the performance of all kinds of works, on every vehicle, whether or not self-propelling, provided with, on its chassis or platform, any kind of equipment for the performance of work of any kind (including, for the purposes of the tax levied by this section, the value of the equipment) ; on every kind of stationary or movable mechanical or hydraulic shovel; on every portable crane mounted on a platform and moved by motor power, whether to run on rails or on the ground; on all equipment or apparatus for the levelling of soils in any way, or for the construction of ditches or for excavations, or for drainage works, or for the perforation and/or tearing down of hills or for the perforation of soils and other similar purposes, sold, transferred, used in or introduced into Puerto Rico, a tax of five (5) per cent on the 'selling price in Puerto Rico'.

"*Provided*, that for the purposes of the tax fixed by this section there shall be included, but without limitation, the mechanical shovels or levelers known among others, by the name of bull-dozers, side-dozers, trail-builders, angle-dozers, tilt-dozers, the graders, the scrapers, the angle-fillers, the ditching machines, the excavators with wheels of the caterpillar type (traxcavators), the excavators with mechanical wheels, the mobile mixing plants of all kinds, the track trailers, the track type mobiloaders and similar apparatus, when such trailers or mobiloaders are provided, for their locomotion with metal tractors of the caterpillar type; excluding however from the scope of this excise, plows of all kinds; the subsoilers, rakes,

forks and pulverizers to break up the soil." [2] (13 L.P.R.A. at 685–686.)

Evidently the trial court erred in considering that the compressors herein involved are apparatus designed for adaptation to, installation on or gearing with, any kind of tractor for the performance of all kinds of work. However, respondent's contention, as we have said, is that said compressors are included in the following provision of subdivision 35: "on every vehicle, whether or not self-propelling, provided with, on its chassis or platform, any kind of equipment for the performance of work of any kind (including, for the purposes of the tax levied by this section, the value of the equipment). . . ."

The record shows that some compressors have no wheels and others are mounted on four wheels with two axis or on two wheels with one axis, depending on their size and weight, in order to facilitate their removal from one place to another. In order to accomplish their functions they need not be in motion. They accomplish their purpose mounted on wheels as well as without them. It does not flow clearly from subdivision 35 that these compressors are included among the vehicles therein mentioned. The apparent intention of the legislator was to include in said subdivision such heavy equipment as is used in construction as tractors, mechanical shovels, mobile mixing plants, excavators and other similar apparatus. The compressors are expressly taxed by subdivision 20. They have been included within the concept of electrical or gas apparatus.

---

[2] This subdivision 35 was added to § 16 by Act No. 139 of May 1945 which levied a tax on "tractors, parts, and accessories to be exclusively used in said motor vehicles, . . ." This subdivision 35 was amended by Act No. 425 of May 14, 1947. By virtue of said amendment the sale, transfer, use or introduction of tractors in Puerto Rico was taxed. Under subdivision 25 of the same § 16, a tax was levied on parts, accessories, etc. for tractors.

As a result, subdivision 35 never taxed the compressors, until upon its amendment, as it prevails now, the controversy arises of whether they were excluded in its provisions under the classification of "vehicles."

Despite the fact that it was decided since the year 1953 that compressors operated by gasoline or "Diesel" oil were not subject to the tax assessed by subdivision 20 of § 16 of the Internal Revenue Law, the Legislature has not amended the Act, as it has done at other times, in order to tax said compressors. See *Buscaglia, Treas.* v. *Tax Court*, 68 P.R.R. 34; *Central Coloso* v. *Tax Court*, 70 P.R.R. 62, 65.

The least we can say is that the interpretation given to subdivision 35 by the Treasurer is very doubtful. We are not convinced that the Legislature meant to include compressors among the vehicles mentioned in said subdivision. When the intent to impose a tax is not clear, the doubt must be settled in favor of not imposing it. *Central Coloso* v. *Treas. of Puerto Rico*, 74 P.R.R. 449 and cases cited at 454; *State* v. *Birmingham Bolt Co.*, 125 So. 2d 520; *State Tax Commission* v. *John Hancock Mutual Life Ins. Co.*, 170 N.E.2d 711; *Kelm* v. *Chicago St. P., M. & O. Ry. Co.*, 206 F.2d 831; *Alvord* v. *State Tax Comm'n*, 213 P.2d 363; *Vaughan* v. *Warner*, 157 F.2d 26; *Shafer* v. *Glander*, 92 N.E.2d 601.

The cases cited by respondent are not applicable. In one of them a cement mixer was considered as a vehicle; but what the court did was to include the value of the mixer in actual market value of the truck to which it was bolted. *Consolidated Rock Products Co.* v. *Carter*, 129 P.2d 455. In *Moffit* v. *State Automobile Ins. Ass'n*, 300 N.W. 837 and *Davis* v. *Nat'l Casualty Co.*, 175 S.W.2d 957, insurance contracts were interpreted under the doctrine that in case of ambiguity in this kind of contract, they should be interpreted in favor of insured. And in *Trussell* v. *Ferguson*, 239 N.W. 461, it was held that a mower is a vehicle according to the regulations of the Department of Public Works.

In view of the foregoing, the judgment rendered by the Superior Court is reversed and another is rendered instead granting the complaint.