GENERAL FARM EQUIPMENT COMPANY, Plaintiff and Appellee, *v.* SECRETARY OF THE TREASURY OF PUERTO RICO, Defendant and Appellant.

No. 294. Decided October 9, 1962.

*J. B. Fernández . Badillo, Solicitor General, Arturo Estrella,
Acting Solicitor General,* and *Genoveva R. Carrera, Assistant
Solicitor General,* for appellant. *Omar Cancio Sifre* for
appellee.

Division composed of Mr. Chief Justice Negrón Fernández,
Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Subdivision 35 of § 16 of the former Internal Revenue
Law provided as follows: [1]

"Tractors; Mechanical Shovels, Other Vehicles and Appa-
ratus Provided With Wheels for all Kinds of Works.— On
tractors of all kinds, on every apparatus whether or not pro-
vided with wheels, designed for adaptation to, installation on,
or gearing with any kind of tractor for the performance of all
kinds of works, on every vehicle, whether or not self-propelling,
provided with, on its chassis or platform, any kind of equip-
ment for the performance of work of any kind (including, for
the purposes of the tax levied by this subdivision, the value of
the equipment) ; on every kind of stationary or movable me-
chanical or hydraulic shovel; on every portable crane mounted
on a platform and moved by motor power, whether to run on
rails or on the ground; on all equipment or apparatus for the
levelling of soils in any way, or for the construction of ditches
or for excavations, or for drainage works, or for the perfora-
tion and/or tearing down of hills or for the perforation of
soils and other similar purposes, sold, transferred, used in or
introduced into Puerto Rico, a tax of five (5) per cent on the
'selling price in Puerto Rico.'

"*Provided,* that for the purposes of the tax fixed by this
subdivision there shall be included, but without limitation, the
mechanical shovels or levelers known among others, by the

---

[1] This subd. 35, which was added by Act No. 139 of May 9, 1945 (Sess.
Laws, p. 478), originally imposed a five-per cent tax on the selling price
in Puerto Rico of tractors and the parts, pieces, and accessories to be used
in these motor vehicles. The parts, pieces, and accessories which were
excluded by Act No. 425 of May 14, 1947 (Sess. Laws, p. 862) are included
in subd. 25 and a tax of fifteen per cent levied thereon. Finally, by Act
No. 147 of April 29, 1949 (Sess. Laws, p. 390), that subdivision was drafted
in the manner in which it appears in the text of this opinion. This section
was in force until April 19, 1956.

name of bull-dozers, side-dozers, trail-builders, angle-dozers, tilt-dozers, the graders, the scrapers, the angle-fillers, the ditch-ing machines, the excavators with wheels of the caterpillar type (traxcavators), the excavators with mechanical wheels, the mobile mixing plants [2] of all kinds, the track trailers, the track type mobiloaders and similar apparatus, when such trailers or mobiloaders are provided, for their locomotion with metal tractors of the caterpillar type; excluding however from the scope of this excise, plows of all kinds; the subsoilers, rakes, forks and pulverizers to break up the soil." (Our footnote.)

On April 18, 1952 Víctor M. Fragoso, Acting Chief of the Operations Division of the Treasury Department, wrote a letter to appellee General Farm Equipment Company in reply to an inquiry on the taxation of Jaeger portable cement mixers — distributed in this market by said appellee — in which he stated that "they are not subject to the payment of insular excises, unless they are provided with electric motors for their operation." He added that "this, of course, has nothing to do with the mobile mixing plants of all kinds which are expressly subject to a five-per cent tax on their 'selling price,' according to the provisions of subd. 35 of § 16 of the Internal Revenue Law of Puerto Rico."

Nonetheless, appellee paid the excises on portable cement mixers for the period from 1952 to 1956. It applied for the refund of the amounts paid, and upon refusal he appealed to the Superior Court, San Juan Part, which sustained the complaint after a hearing on the merits.

Appellant insists that portable mixers are subject to the payment of the excise levied by subd. 35 because they are comprised within any of the following terms (a) mobile mixing plants of all kinds; (b) apparatus whether or not provided with wheels, designed for adaptation to, installation on, or gearing with any kind of tractor for the performance of all kinds of work; or (c) vehicle whether or not

---

[2] In *Leyes de Puerto Rico Anotadas* the reference to "mobile mixing plants" in parenthesis was omitted after the enumeration of the mixers.

self-propelling, provided with, on its chassis or platform, with any kind of equipment for the performance of work of any kind.

In discussing in *San Miguel & Co.* v. *Sec. of the Treas.*, 82 P.R.R. 657 (1961), whether air compressors moved by gasoline or Diesel oil are included in subd. 35 as being vehicles, whether or not self-propelling, provided with, on its chassis or platform, with any kind of equipment for the performance of work of any kind, we said (at p. 660) : "The apparent intention of the legislator was to include in said subdivision such *heavy equipment* as is used in construction as tractors, mechanical shovels, mobile mixing plants, excavators and other similar apparatus." See *Island Properties Co.* v. *Sec. of the Treasury*, 82 P.R.R. 842 (1961) ; *cf. Tecon Corporation* v. *Sec. of the Treasury*, 84 P.R.R. 306 (1961). In the opinion rendered it was pointed out that the cases of *Consolidated Rock Products Co.* v. *Carter*, 129 P.2d 455 (Cal. 1942) ; *Moffitt* v. *State Automobile Ins. Ass'n*, 300 N.W. 837 (Neb. 1941) ; and *Trussell* v. *Ferguson*, 239 N.W. 461 (Neb. 1931),[3] relied on by appellant in fixing the meaning of "motor vehicle," were not applicable for that purpose.

◼ We agree with the trial court that portable mixers are not comprised within the concept of "vehicle" used in subd. 35. These apparatuses have a motor, a drum or tub for mixing concrete, two wheels for rotating the machinery easily without the necessity of mounting it on a truck, and two iron beams the sole purpose of which is to give it support. They have no chassis or platform. It is significant that in the specifications appearing at the end of the prospectus offered in evidence (Exh. 1) no reference is made to

---

[3] See, *People* v. *Pakchoian*, 250 P.2d 767 (Cal. 1952) ; *Wright* v. *Sniffin*, 181 P.2d 675 (Cal. 1947) ; *Waddey* v. *Maryland Casualty Co.*, 100 S.W.2d 984 (Tenn. 1937) ; *Burford-Toothaker Tractor Co.* v. *Curry*, 2 So.2d 420 (Ala. 1941).

chassis or to platform. However, reference is made to chassis in the specifications on mobile mixers (Exh. 3).

 Nor do we understand that portable mixers are apparatuses provided with wheels adapted to, mounted on, or attached to, any kind of *tractor*. A mere reading of subd. 35 shows that the legislative intention was to include a certain class of equipment which requires adaptation to a tractor to be used for the purpose for which it is intended.

Lastly, the reference to portable mixers and their identification as "mobile mixing plants" shows that it refers to heavy motor vehicles which transport concrete in a considerable amount from the plant where it is mixed to the place where it is going to be used. *Cf. Crown Concrete Company* v. *Conkling*, 75 N.W.2d 351 (Iowa 1956). Furthermore, when the intent to levy a tax is not clear, the doubt must be settled in favor of not imposing it. *San Miguel & Co.* v. *Sec. of the Treas., supra.*

The judgment rendered by the Superior Court, San Juan Part, on March 25, 1960, will be affirmed.