Porto Rico Distilling Company, Demandante y Apelante, *v.* Tesorero de Puerto Rico, Demandado y Apelado.

Apelación procedente de la Corte de Distrito de Arecibo en pleito sobre devolución de contribuciones pagadas bajo protesta.

No. 3028.—Resuelto en noviembre 30, 1923.

Rentas Internas—Contribuciones sobre Alcoholes Desnaturalizados.—El alcohol "desnaturalizado para combustible," elaborado bajo la forma número 6 de los reglamentos aprobados por el Director de la Prohibición, no está sujeto al pago de la contribución impuesta por la sección 18, apartado 39, de la Ley Núm. 42 de 1921.

Contribuciones—Libertad de un Artículo.—Cuando existe duda sobre si determinado artículo está sujeto al pago de contribuciones, la duda debe resolverse en pro de la libertad del artículo.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. A. Lens Cuena.*

Abogados del apelado: *Hon. Attorney General y Sr. José E. Figueras, Fiscal.*

El Juez Presidente Sr. del Toro, emitió la opinión del tribunal.

La demandante, una corporación domiciliada en Arecibo que se dedica a la fabricación y venta de alcohol desnaturalizado, fué obligada a pagar y pagó bajo protesta la suma de $217.18 por 10,859 galones de alcohol de dicha clase, ela-

borado bajo la forma No. 6 de los Reglamentos aprobados por el Director de la Prohibición, y luego entabló este pleito de acuerdo con la ley especial sobre la materia, para reclamar la devolución de la expresada suma.

Sostiene la demandante que el alcohol de que se trata tanto por la ley federal como por la insular está exento del pago de todo impuesto. La demandada admitió que en efecto el alcohol "desnaturalizado para combustible" estaba exento, pero sostuvo que el alcohol en este caso conocido por "alcomotor," fabricado y vendido como un sustituto de la gasolina, estaba sujeto al pago del impuesto de dos centavos por galón que la ley establece. Y la corte dió la razón a la parte demandada. En su opinión se expresó así:

"La demandante 'Porto Rico Distilling Co.,' fabricando alcohol bajo la fórmula No. 6, lo lanzó a la venta como *combustible para motor de automóviles* bajo el nombre de 'alcomotor,' exclusivamente usado como motor, solo o en combinación con la gasolina, constituyendo así un artículo comercial, dicho 'alcomotor,' el cual como espíritu destilado o alcohólico está sujeto, como artículo comercial, independiente, al pago del arbitrio que exige la ley, considerándolo como un sustituto de la gasolina, sin que la circunstancia de que en algunos casos se haya usado en combinación con la gasolina, pueda hacer variar su carácter de sustituto, como pretende la parte actora, pues actúa como tal al sustituir la gasolina como motor completándola en su acción de fuerza motriz.

"La exención del impuesto al alcohol desnaturalizado, lo fué, únicamente para cuando se empleare como combustible, como artículo de arder; pero al presentar la demandante un producto nuevo al público bajo el nombre de 'alcomotor,' como combustible de motor, y sustituto de la gasolina, vendiéndose y utilizándose únicamente como motor, es claro evidente que tal uso de alcohol fabricado, se encuentra sujeto al impuesto que se determina en la sección 18 ap. 1 de la Ley de Arbitrios de 1919, y que se fija en la sección 18 inciso 39 de la Ley No. 42 de 1921.

"El testigo don Lorenzo Oliver, Vice-Presidente de la Corporación demandante, en sus dos declaraciones prestadas en el juicio, admitió que la fórmula No. 6 sirve para fabricar alcohol para combustible de motor recibiendo el nombre de 'alcomotor,' no teniendo

las demás fórmulas nombres específicos; e igualmente, declaró, 'que el alcomotor necesita gasolina, pero que aún sin mezclarse, puede el alcomotor (fórmula No. 6) utilizarse como motor;' también declaró 'haber anunciado el producto 'alcomotor' como combustible para motores, no recordando haberlo anunciado como sustituto.'

"El testigo Juan Colón, tiene un depósito de gasolina y 'alcomotor,' como motores para automóviles, lo que explota como su negocio, y la patente que necesita y tiene para dicho negocio, la tiene sólo para la venta de 'alcomotor.'

"Considero, por virtud de lo anteriormente expuesto, y por razón del examen y apreciación de toda la prueba practicada en el presente caso, que siendo verdaderamente, el alcohol fabricado por la demandante 'Puerto Rico Distilling Co.,' denominado 'alcomotor,' imitación o sustituto de la gasolina; procede legalmente el cobro del impuesto de rentas internas que a razón de dos centavos por galón verificó el Tesorero de Puerto Rico, por el Agente de Rentas Internas, a la Corporación demandante el día 15 de septiembre de 1922, y cuyo pago hizo esta última bajo protesta; no habiendo lugar por tanto a la devolución de la cantidad pagada como arbitrio por la demandante."

La opinión de la corte de distrito no carece de fundamento, pero nos parece que tratándose como se trata de la imposición de una contribución, la duda que existe debe resolverse en favor de la libertad del artículo.

La sección 18, párrafo 39, de la Ley No. 42 de 1921, dispone que:

"Se impondrá, cobrará y pagará como impuesto de rentas internas sobre toda gasolina, imitación o substituto de la misma que se fabrique, produzca, introduzca, o traiga a Puerto Rico, un impuesto a razón de dos centavos por galón."

Si ése fuera el único precepto legal aplicable, la cuestión sería clara en contra de la demandante porque la verdad es que dadas todas las circunstancias que concurren bien puede considerarse el alcohol desnaturalizado preparado bajo la fórmula número 6, como un sustituto de la gasolina en relación con los automóviles, pero existen además las siguientes disposiciones a considerar:

Artículo 92 del Reglamento 61 de la Prohibición, página 71, que dice: "Alcohol desnaturalizado es alcohol etílico al cual se ha añadido alguna substancia que impida su uso para administración interna. Está libre de impuesto y se usa únicamente en las artes e industrias." Y la sección 29 de la ley No. 55 de 1919, que dispone que "El Tesorero de Puerto Rico eximirá del pago del impuesto  *  *  *  los alcoholes destinados para combustible.   *   *   *"

Si esos preceptos se interpretan además a la luz del pensamiento del legislador que al destruir las industrias dedicadas a la fabricación del alcohol para beber, trató, para hacer el menor daño posible, de fomentar la fabricación y uso de los alcoholes desnaturalizados, como lo demuestra lo consignado en la sección 13 del título 3 de la Ley de Prohibición Nacional al ordenar al Comisionado respectivo, entre otras cosas, "promover el uso del alcohol en las especulaciones científicas y en el desarrollo de combustibles (development of fuels)," tendrá que concluirse aún con más fuerza todavía que la duda debe resolverse en favor del demandante.

Debe revocarse la sentencia recurrida y dictarse la que debió haber dictado la corte de distrito.

*Revocada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, Aldrey, Hutchison y Franco Soto.