PLÁCIDO LONGO & CÍA., demandante y apelada, *v.* RAFAEL SANCHO BONET, en su carácter de TESORERO DE PUERTO RICO, y JULIÁN W. BLANCO, en su carácter de TESORERO INTERINO DE PUERTO RICO, demandados y apelantes.

Núm. 7266.—*Sometido:* Junio 1, 1936. *Resuelto:* Junio 4, 1936.

*Hon. Procurador General B. Fernández García* y *Emilio de Aldrey, Subprocurador,* abogados de los apelantes; *Dubón & Ochoteco,* abogados de la apelada.

El Juez Presidente Señor Del Toro, emitió la opinión del tribunal.

La parte apelada solicita la desestimación del recurso interpuesto en este caso por frívolo y creemos que le asiste la razón.

Plácido Longo y Co. demandaron al Tesorero de Puerto Rico en solicitud de que se le condenara a devolverles cierta suma que les cobrara por contribución de un cuarto de centavo sobre varios miles de libras de tabaco, fundándose en la Resolución Conjunta núm. 13 de 1929 ( (2) pág. 75), según quedó enmendada por la Ley núm. 11 de abril 21, 1930, (pág. 157). Basaron su demanda en la anticonstitucionalidad de la Resolución Conjunta y en su no aplicación a los hechos de su caso.

Contestó el demandado. Se pidió sentencia sobre las alegaciones. Negó la corte la petición. Ambas partes sometieron entonces el caso bajo una estipulación que, en lo pertinente, dice:

"6.—Que la demandante el 24 de julio, 1934, se vió obligada a pagar y pagó al demandado, actuando bajo compulsión y temor de que sus bienes fuesen vendidos bajo subasta pública, la suma de $1,003.76 por concepto de la contribución de ¼ centavo por libra sobre las 401,503 libras de tabaco antes referidas, pero de esa suma sólo pagó bajo protesta por el concepto antes indicado la cantidad de $915.41.

"7.—Que de las 401,503 libras de tabaco de referencia, 240,398 libras procedían de tabaco cosechado y producido por la demandante de sus siembras propias y nunca fueron objeto de venta alguna por su parte, habiéndose destruído totalmente dichas 240,398 libras de tabaco por el incendio antes mencionado.

"8.—Que de las 401,503 libras de tabaco, a que se refiere la demanda, 152,934 libras pertenecían a Jesús Longo, José Valiente y Plácido Longo, personas distintas de la demandante, habiendo sido destruídas totalmente dichas 152,934 libras por el mismo incendio ya referido.

"9.—Que las 152,934 libras de tabaco pertenecientes a los citados señores Jesús Longo, José Valiente y Plácido Longo no fueron producidas ni consechadas por la demandante, y se encontraban en

sus almacenes en calidad de depósito exclusivamente, en la fecha que fueron destruídas por el incendio y dichas 152,934 libras de tabaco nunca fueron objeto de venta alguna por su productor o cosechero ni por la demandante.''

La sentencia dictada por la corte fué contraria al demandado. En la opinión emitida para fundarla la corte concluye que la ley envuelta es anticonstitucional y que aunque no lo fuera no cabría el cobro de la contribución de acuerdo con sus términos.

La moción de desestimación prescinde de la cuestión constitucional y así lo haremos nosotros.

■ Dispone la sección 2 de la Resolución Conjunta *núm.* 13, tal como quedó enmendada por la Ley *núm.* 11 de 1930:

''Con el fin de dar cumplimiento a las disposiciones de esta ley, se impondrá y cobrará una contribución de ¼ de centavo por cada libra de tabaco que se coseche en Puerto Rico; *disponiéndose,* que esta contribución sólo podrá cobrarse por una sola vez cada año en el momento de efectuarse la venta por el productor, quedando éste obligado a dejar en poder del comprador la cantidad de ¼ de centavo por cada libra de tabaco, según se dispone por la presente sección, y el comprador a su vez pagará dicha contribución al Tesorero de Puerto Rico en la forma que éste prescriba en el Reglamento que dictará al efecto. . . . .''

Si el tabaco de que se trata jamás fué vendido, si quedó totalmente destruído por un incendio ¿cómo es posible cobrar una contribución que según los términos expresos de la ley que la impone *sólo podrá cobrarse* por una sola vez cada año *en el momento de efectuarse la venta* por el productor?

■■ Se hizo referencia en el informe oral del apelante al hecho que de la demanda consta que el tabaco estaba asegurado.

Así es en efecto, pero tratándose como se trata de la imposición y cobro de una contribución, no es posible interpretar el seguro como venta.

Es cierto como sostiene el apelante que la contribución pesa sobre el tabaco, pero también lo es que sólo podrá cobrarse cuando el tabaco se venda. Destrucción por incendio

 163

no es venta. Podrían imaginarse casos en que el cobro del seguro por incendio equivaliera al resultado de una venta, ya que si bien el tabaco queda materialmente destruído por el incendio, su valor, en cuanto estaba asegurado, se percibe por su dueño. Si estuviera envuelto algún derecho equitativo, la cuestión tendría importancia. Pero no lo está. Se trata del derecho a cobrar una contribución que no puede ejercitarse a menos que surja claramente de la ley, y aquí no surge por lo menos con la claridad debida.

*En tal virtud procede y debe decretarse la desestimación solicitada.*

El Juez Asociado Señor Córdova Dávila no intervino.