EL PUEBLO DE PUERTO RICO, demandante y apelante, *v.* ARMOUR FERTILIZER WORKS, acusada y apelada.

Núms. 6965, 6970, 6971, 6976, 6977, 6980 y 6981.—*Sometidos:* Abril 25, 1938. *Resueltos:* Mayo 25, 1938.

*R. A. Gómez, Fiscal* y *Luis Janer, Fiscal Auxiliar,* abogados de El Pueblo, apelante; *Rafael Buscaglia,* abogado de la apelada.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

En estos siete casos la parte apelada, Armour Fertilizer Works, ha pedido la desestimación de los recursos por causa de frivolidad. Se señaló la vista de las mociones para el 25 de abril último. Ambas partes comparecieron. El fiscal se opuso oralmente.

Las violaciones de la Ley de Abonos—núm. 36 de 1934 (pág. 309), enmendada por la núm. 20 de 1935 ((2) pág. 115) —que se imputan consisten todas en haberse vendido en diferentes fechas cierto número de toneladas de materias primas de abonos de cuya venta se rindió declaración al Comisionado de Agricultura y Comercio sin pegar, adherir y cancelar los sellos de rentas internas de veinte centavos por cada tonelada, que exige la ley.

Cuando se le leyeron las acusaciones, la acusada por medio de su representante legal alegó la excepción perentoria de falta de hechos constitutivos de delito. La corte tomó la cuestión suscitada bajo consideración y la resolvió el 27 de enero último declarando las excepciones con lugar y en su consecuencia dictando sentencias ordenando el archivo y sobreseimiento de los procesos, con las costas de oficio.

No conforme El Pueblo, por su fiscal apeló de las sentencias. Y son las apelaciones que interpuso las que se pide ahora a este tribunal que desestime.

■■ La ley aplicable o sea la núm. 36 de 1934 (Leyes de ese año, pág. 309), tal como quedó enmendada por la núm. 20 de 1935 (Leyes de ese año, sesión extraordinaria, pág. 115), en su artículo 8, que es el que se alega por El Pueblo que la acusada infringió, prescribe:

"Artículo 8.—Todo fabricante, importador, almacenista, manipulador de abonos, de materia prima de abonos, o de enmiendas para terrenos; o agente que lo represente, estará obligado a presentar al Comisionado, o ante un agente o inspector del Comisionado de Agricultura y Comercio debidamente autorizado por éste, dentro de los cinco primeros días de cada mes, una declaración de acuerdo con

el modelo que prepare el Comisionado de Agricultura y Comercio, donde se incluyan las marcas y el número de toneladas o fracción de ellas, de abonos, materias primas de abonos y de enmiendas para terrenos, fabricados, vendidos, o importados para el uso en Puerto Rico durante el mes anterior; *Entendiéndose,* que en los casos de importación de estas materias o abonos para venta, o fabricación para venta en Puerto Rico, se especificará detalladamente a quiénes han sido vendidos dichos abonos, materias primas o las enmiendas para terrenos, las cantidades vendidas a cada persona o compañía y la dirección de las mismas.

''Por la presente se impone una contribución especial de veinte (20) centavos por cada tonelada o fracción de ella en relación con el total de toneladas de abonos que aparezcan fabricados, vendidos o importados para uso en Puerto Rico según la declaración presentada; y asimismo, diez (10) centavos por cada tonelada o fracción de tonelada de enmiendas para terrenos que aparezcan fabricadas, vendidas o importadas para uso en Puerto Rico. Por tanto, todo fabricante, importador, almacenista o manipulador de abonos, de materias primas de abonos o de enmiendas para terrenos, o agente que lo represente, estará obligado a cancelar en sellos de rentas internas el total de la contribución por los abonos, materias primas de abonos o enmiendas para terrenos que aparezcan declarados como vendidos o importados para uso en Puerto Rico, y deberán pegarse estos sellos en la misma declaración de que trata el primer párrafo de este artículo. . . .''

Y la acusada sostuvo en la corte sentenciadora y sostiene ahora ante este tribunal que siendo lo vendido por ella materia prima de abonos no viene obligada a pagar la contribución pegando y cancelando en sus declaraciones de venta los sellos de veinte centavos a que se refieren las acusaciones, por no exigir la ley el pago de contribución alguna cuando se trata de la venta de materias primas de abonos.

En efecto la ley que en su primer párrafo se refiere separadamente a abonos, materias primas de abonos y enmiendas para terrenos, al imponer en su párrafo segundo el pago de la contribución, lo hace prescribiendo el tipo de veinte centavos por cada tonelada o fracción de abonos y el de diez para cada tonelada o fracción de enmiendas para terrenos. Omite toda referencia expresa a materia prima de abonos.

Si lo recordamos bien, el argumento oral en contrario del fiscal se basó en que de hecho las materias primas de abonos son abonos y que por tanto es suficiente el que la Legislatura usara en el párrafo segundo del artículo el término general *abonos* para considerar comprendidas dentro de él las materias primas de abonos.

Quizá tenga razón el fiscal en que las materias primas de abonos constituyen abonos por sí solas, si no en todos los casos en algunos por lo menos. Quizá la verdadera intención de la Legislatura fué la de imponer la contribución también a dichas materias primas. Tal vez resulte injusta en la práctica la interpretación que a la ley diera la corte de distrito. Puede que se preste dicha interpretación a eludir el pago del impuesto fijado para los abonos y enmiendas para terrenos. Pero ninguna de dichas consideraciones justificaría la interpretación de la ley que sugiere el fiscal. Si la intención de la Legislatura fué la de gravar las materias primas de abonos, hay que concluir que se trata de un verdadero caso omiso que los tribunales no pueden suplir.

No es sólo en el artículo 8 de la ley en el que se trata de abonos, materias primas y enmiendas para terrenos, como de cosas separadas y distintas, si que la ley comienza por separarlas y distinguirlas en su propio título y en su artículo primero, como sigue:

"Artículo 1.—Para los efectos de esta Ley, el término 'abonos comerciales' se refiere a toda mezcla de dos o más ingredientes o materias que contengan los elementos nutritivos que sean utilizables por las plantas, tales como nitrógeno, fósforo, potasio, etc., y no implica que dicha mezcla sea ofrecida para venta; el término 'materias primas' se refiere a toda materia orgánica o mineral que contenga substancias o elementos nutritivos esenciales para el desarrollo de las plantas, como por ejemplo el nitrato de sosa, sulfato de potasa, harina de semilla de algodón, sangre desecada, etc.; el término 'enmiendas de terrenos' se refiere a aquellas substancias o materias que se aplicasen a los terrenos, para mejorar su condición física, o que en alguna otra forma propendan al mejor desarrollo de las plantas cultivadas en tales terrenos así tratados."

Podría sostenerse que lo dispuesto al final de la parte del párrafo segundo del artículo ocho de la ley que dejamos transcrita, o sea la obligación que impone al fabricante, etc., de cancelar en sellos de rentas internas el total de la contribución, citando entonces no sólo abonos y enmiendas para terrenos si que las materias primas de abonos, levanta una duda favorable a la interpretación sugerida por el fiscal, pero la duda no es bastante para llegar a la conclusión positiva que habría que adoptar insertando las palabras materias primas de abono en el sitio en que la contribución se impone y no es posible especialmente tratándose como se trata de la imposición de una contribución. *Plácido Longo & Cía. v. Sancho Bonet, Tesorero,* 50 D.P.R. 160 y *P. R. Distilling Co.* v. *Tesorero,* 32 D.P.R. 576. Y ello es así aún con mucha más razón cuando como en este caso el no pago del impuesto se considera como un delito público por la propia ley que se interpreta. Artículo 16 de la Ley núm. 36 de 1934 como enmendado por la núm. 20 de 1935 (Leyes de ese año, pág. 123).

*Deben declararse con lugar las mociones y en su consecuencia desestimarse los siete recursos en que fueron presentadas.*