CENTRAL COLOSO, INC., querellante y apelada, *v.* SOL LUIS DESCARTES, TESORERO DE PUERTO RICO, querellante y apelante.

Número 10779.

*Sometido:* 4 de marzo de 1953. *Resuelto:* 20 de marzo de 1953.

*Hon. Secretario de Justicia Interino J. B. Fernández Badillo* y *Arnaldo P. Cabrera, Procurador Auxiliar,* abogados del apelante; *Franceschi & Sifre* y *Rafael Pastor,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Durante los años 1950 y 1951 la querellante introdujo a Puerto Rico, para su propio uso, distintas piezas para un

compresor de aire portátil, movido por gasolina, pagando sobre las mismas la suma de $353.98 al Tesoro de Puerto Rico. Solicitado reintegro, éste le fué denegado. Acudió entonces al antiguo Tribunal de Contribuciones, donde se dictó sentencia declarando con lugar la querella. El Tesorero de Puerto Rico ahora sostiene que fué un error de ese tribunal resolver que la ley sólo grava los compresores cuyo objetivo principal se realice con electricidad o gas flúido.

El inciso 20 de la sección 16 de la Ley de Rentas Internas —núm. 85 de 20 de agosto de 1925 (pág. 585), según fué enmendado por la núm. 187 de 13 de mayo de 1948 (pág. 521) —dispone:

"20. *Aparatos Eléctricos o de Gas Flúido.*—Sobre todo aparato eléctrico o de gas flúido, sin importar el uso para el cual se destine, y sobre toda parte y accesorio para los mismos, que se venda, traspase, use, consuma o introduzca en Puerto Rico, un impuesto de quince (15) por ciento sobre el precio de venta en Puerto Rico.

"*Disponiéndose*, que no se considerará aparato eléctrico o de gas flúido íntegramente una máquina o equipo cuyo trabajo u objetivo principal no se realice por medio de la electricidad o de gas flúido pero los aditamentos, *'features'*, o dispositivos movidos por electricidad o por gas flúido que realicen funciones accesorias dentro de o en conexión con dicha máquina o equipo, así como los accesorios para dichos aditamentos, *'features'* o dispositivos estarán sujetos al pago del arbitrio que fija este inciso.

"*Disponiéndose, asimismo, que en los casos de introducción, adquisición, venta, uso o traspaso, en Puerto Rico, de aparatos eléctricos o de gas flúido sin tener incorporada la fuente de energía con que han de ser movidos, la determinación del hecho de si son o no aparatos eléctricos o de gas flúido, para los fines de este impuesto, deberá hacerse por el Tesorero de Puerto Rico a base del 'uso normal predominante' que le den los consumidores como grupo, debiéndose entender que hay 'uso normal predominante' si 60 por ciento o más del número de adquirientes de los aparatos en cuestión los operan principalmente con energía eléctrica o de gas flúido.*

"*Disponiéndose, además,* que excluyendo el alambre conductor de corriente, todo el material de instalación exterior no estará sujeto al impuesto que fija este inciso.

"*Disponiéndose, finalmente, que dentro del concepto de aparatos eléctricos o de gas flúido se incluyen, pero sin entender que ello constituya una limitación, las plantas generadoras de corriente eléctrica, dínamos de todas clases y los compresores.*" (Bastardillas nuestras.)

Antes de la enmienda de 1948 dicho inciso rezaba así (Ley 140 de 9 de mayo de 1945, pág. 485) :

"20. Sobre todo aparato eléctrico o de gas flúido, sin importar el uso para el cual se destine, y sobre toda parte y accesorios para los mismos, que se venda, traspase, use, consuma o introduzca en Puerto Rico, un impuesto de quince (15) por ciento sobre el precio de venta en Puerto Rico; *Disponiéndose,* que no se considerará aparato eléctrico o de gas flúido íntegramente una máquina o equipo cuyo trabajo u objetivo principal no se realice por medio de la electricidad o de gas flúido pero los aditamentos, 'features', o dispositivos movidos por electricidad o por gas flúido que realicen funciones accesorias dentro de o en conexión con dicha máquina o equipo, así como los accesorios para dichos aditamentos, 'features' o dispositivos estarán sujetos al pago de arbitrios que fija este inciso; *Disponiéndose, sin embargo,* que será inmaterial el hecho de estar o no incorporada a la máquina o al equipo la fuente de energía eléctrica o de gas flúido si esta fuente impulsa la máquina en su función principal debiendo considerarse todo el equipo, en este caso, como una unidad tributable a los fines de este arbitrio; *Disponiéndose, además,* que excluyéndose el alambre conductor de corriente, todo el material de instalación exterior no estará sujeto al impuesto que fija este inciso."

Como se habrá visto, la enmienda de 1948 consistió en la introducción de los párrafos que hemos subrayado más arriba.

La única cuestión a ser determinada en este recurso es si las piezas introducidas por la querellante para un compresor portátil, que funciona con gasolina, están sujetas o no al impuesto del 15 por ciento a que alude dicho inciso, según fué enmendado en 1948.[1]

---

[1] Como las piezas para el compresor fueron introducidas en 1950 y 1951 la enmienda aplicable lo es la de 1948 y no la de 1945.

 Para interpretar la ley que se halla ante nuestra consideración es necesario tener presente en primer lugar la intención del legislador. *Vázquez v. Junta de Síndicos*, 59 D.P.R. 145; *Pueblo v. Ramos*, 18 D.P.R. 993; *Vivaldi v. Mariani et al.*, 10 D.P.R. 444. Al discutir la cuestión aquí envuelta el apelante alega que "con anterioridad al 13 de mayo de 1948, fecha de la aprobación de la Ley 187 a que hemos hecho referencia, la sección 20 (sic) en lo que a este caso es material, solamente contenía el primer párrafo que hemos dejado transcrito.(²) Indudablemente que bajo dicha disposición un compresor cuyo trabajo u objetivo principal no se realizara por medio de electricidad o de gas flúido, no era considerado como un aparato eléctrico, pero al añadirse por la Ley 187, supra, el *disponiéndose* al efecto de que dentro del concepto de aparatos eléctricos se incluyen, entre otros, los compresores, entendemos que el legislador quiso tributar estos últimos con un 15 por ciento de su precio·de venta, ya se efectuase su trabajo u objetivo principal por medio de electricidad o de gas flúido, o bien por cualquier otro medio como aceite Diesel, gasolina o vapor . . . .

"Indudablemente que el legislador se percató de que se estaba cometiendo un discrimen contra las personas que introducían en Puerto Rico compresores movidos por electricidad o gas flúido, favoreciendo a los importadores de iguales compresores pero movidos por otras fuerzas que no fueran corriente eléctrica o gas flúido. Para eliminar este discrimen fué que indudablemente el legislador insertó el disponiéndose en cuestión, equiparando así a todos los compresores, irrespectivamente de la fuerza con que fueran movidos." No podemos convenir con el anterior razonamiento.

Por el párrafo primero del inciso 20, supra, se grava con un impuesto de 15 por ciento "todo aparato eléctrico o de gas flúido", así como toda parte o accesorio para los mismos; por

---

(²) El apelante se refiere al primer párrafo del inciso 20 de la sección 16, el que como se ha visto, se lee en idéntica forma bajo una u otra enmienda.

el primer *disponiéndose* se provee que "no se considerará aparato eléctrico o de gas flúido íntegramente una máquina o equipo cuyo trabajo u objetivo principal no se realice por medio de electricidad o de gas flúido"; por el segundo *disponiéndose* se hace referencia a la introducción, adquisición, venta, uso o traspaso de aparatos eléctricos o de gas flúido que no tengan incorporada la fuente de energía con que han de ser movidos; por el tercer *disponiéndose* se incluye el alambre conductor de corriente; y por el *disponiéndose* final se provee "que *dentro del concepto de aparatos eléctricos o de gas flúido se incluyen, . . . . las plantas generadoras de corriente eléctrica, dínamos de todas clases y los compresores.*" (Bastardillas nuestras.) En este *disponiéndose* final es que el apelante se funda para insistir en su derecho a cobrar arbitrios sobre las partes del compresor introducidas por la querellante. Del contexto de dicho *disponiéndose* final no se desprende de manera clara y taxativa que el propósito o intención del legislador fuera gravar con el arbitrio indicado todos los compresores, no importa la clase de energía utilizada por éstos para su funcionamiento.

Una ley no debe ser interpretada tomando aisladamente cada uno de sus párrafos, secciones o incisos, sino que debe serlo tomándola en conjunto. *Descartes* v. *Tribl. Contrib. y Sucn. Cautiño*, 71 D.P.R. 248, 253; *Orta* v. *Registrador*, 60 D.P.R. 789. El inciso 20, supra, tampoco ha de ser interpretado tomando cada uno de sus párrafos u oraciones separadamente. Debe serlo tomándolo íntegramente. Una lectura del mismo en su totalidad revela, de manera indubitada, el propósito legislativo de gravar *todo aparato eléctrico o de gas flúido, al igual que toda parte o accesorio para los mismos.* Este criterio nuestro queda robustecido por el propio *disponiéndose* final al hacerse referencia en éste a *plantas generadoras de corriente eléctrica y a dínamos.* Tanto las primeras como las últimas son aparatos

productores de fuerza eléctrica. (³) No así los compresores, los que aunque pueden ser movidos por electricidad o por gas flúido, pueden serlo también por otra clase de energía o combustible, como por ejemplo: petróleo, gasolina, alcohol, etc. Resolvemos, por tanto, que compresores movidos por fuerza eléctrica o gas flúido, al igual que las piezas o accesorios para éstos, están sujetos al arbitrio impuesto por el inciso 20 de la sección 16. No así los compresores que están movidos por cualquier otra fuerza o energía; como tampoco las piezas para éstos.

A mayor abundamiento diremos que aun si bajo el *disponiéndose* final del inciso 20 pudiera concluirse que todos los compresores están sujetos al pago del impuesto del 15 por ciento, las partes o accesorios para los mismos no lo están, a menos que se trate específicamente de piezas para compresores movidos por electricidad o por gas flúido. Así se desprende de manera inequívoca del párrafo inicial de dicho inciso.

█ Es regla de hermenéutica que cuando el propósito de imponer una contribución no es claro, la duda debe resolverse en favor de la no imposición de la misma. *Pueblo* v. *Armour Fertilizer Works*, 53 D.P.R. 218; *Plácido Longo & Cía.* v. *Sancho*, 50 D.P.R. 160; *The Texas Co.* v. *Domenech*, 50 D.P.R. 432; *Porto Rico Distilling Co.* v. *Tesorero*, 32 D.P.R. 576. En el caso que nos ocupa el lenguaje del *disponiéndose* final es ambiguo y dudoso en cuanto al propósito legislativo de gravar compresores que no sean movidos por electricidad o gas flúido. La duda debe resolverse en favor de la no imposición del arbitrio.

*La sentencia apelada será confirmada.*

El Juez Asociado Sr. Sifre no intervino.

---

(³) La palabra dínamo según el diccionario de la Real Academia Española, Décimoséptima Edición de 1947, significa:

"Máquina destinada a transformar la energía mecánica (movimiento) en energía eléctrica (corriente) o viceversa, por inducción electromagnética, debida generalmente a la rotación de cuerpos conductores en un campo magnético."