SAN MIGUEL & CO., INC., demandante y apelante, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y apelado.

Número 12384.

*Sometido:* 29 de abril de 1960. *Resuelto:* 18 de mayo de 1961.

*Omar Cancio Sifre,* abogado de la apelante; *Francisco Espinosa,
Secretario de Justicia Interino, Arturo Estrella, Secretario
Auxiliar* y *Basilio Santiago Romero, Procurador Auxiliar,*
abogados del apelado.

El Juez Asociado Señor Pérez Pimentel emitió la opinión del Tribunal.

Se trata de una acción sobre reintegro de arbitrios. El Tribunal Superior, Sala de San Juan, resolvió que compresores de aire operados por gasolina y gas "Diesel" están gravados bajo el inciso 35 de la sección 16 de la Ley de Rentas Internas (13 L.P.R.A., sec. 1064). Dijo dicho tribunal: "Los compresores envueltos en la demanda son artefactos que están provistos de ruedas, o (descritos de otra manera) que han sido diseñados para ser adaptados a, o instalados en, bastidores o chasis con ruedas, y ser acoplados a cualquier clase de tractores. Una vez arrastrados y estacionados en el sitio en que sean requeridos en obras de cualquier clase, ordinariamente de construcciones o reconstrucciones, se usan para comprimir aire, almacenarlo, y entregarlo a utensilios, herramientas, aparatos especiales, artefactos, o dispositivos de todas clases para realizar toda clase de tareas en que la presión del, o la energía contenida en su, aire comprimido es requerida o útil."

En *Central Coloso* v. *Descartes, Tes.,* 74 D.P.R. 481 (decisión emitida en 20 de marzo de 1953) resolvimos que compresores movidos por gasolina o gas "Diesel" al igual que las piezas para éstos, no estaban sujetas al arbitrio impuesto por el inciso 20 de la sección 16 de la Ley de Rentas Internas. ([1])

---

([1]) Dijimos en dicho caso, a la página 486, que los "compresores movidos por fuerza eléctrica o gas flúido al igual que las piezas o accesorios para éstos, están sujetos al arbitrio impuesto por el inciso 20 de la sección 16, no así los compresores que están movidos por cualquier otra fuerza o energía; como tampoco las piezas para éstos".

La decisión del Secretario de Hacienda negando el reintegro de arbitrios solicitado por la recurrente, se funda en que dichos compresores son *vehículos* para los fines del inciso 35. Igual posición sostuvo ante el tribunal a quo y sostiene ahora ante nos.

El inciso 35 de la sección 16 de la Ley de Rentas Internas, según quedó enmendado por la Ley núm. 147 de 29 de abril de 1949, y que es la ley aplicable al momento de surgir el evento tributable, dispone:

"§ 1064.—Tractores, palas mecánicas, otros vehículos y artefactos provistos de ruedas para toda clase de obras

"Sobre tractores de todas clases; sobre todo artefacto provisto o no de ruedas, diseñado para ser adaptado a, instalado en, o acoplado a, cualquier clase de tractor para la ejecución de toda clase de trabajo; sobre todo vehículo, sea o no de autoimpulsión, provisto sobre su chasis o plataforma de cualquier clase de equipo para la ejecución de obras de cualquier clase (incluyendo para los fines del arbitrio impuesto por esta sección el valor del equipo) ; sobre toda clase de pala mecánica o hidráulica estacionaria o movible; sobre toda grúa portátil montada sobre plataforma movida por fuerza motriz, camine sobre rieles o sobre suelos; sobre todo equipo o artefacto para la nivelación de suelos en cualquier forma o para la construcción de zanjas, o para excavaciones, o para obras de drenaje, o para lo horadación y (o) derribo de montes, o para la perforación de suelos, y otros fines similares, que se vendan, traspasen, usen o introduzcan en Puerto Rico, un impuesto de cinco (5) por ciento sobre el 'precio de venta en Puerto Rico'.

"*Disponiéndose,* que, para los fines del arbitrio fijado en esta sección, estarán comprendidos, pero sin entender que ello implique una limitación, las palas mecánicas o aplanadores conocidos, entre otros nombres, por los de *bull-dozers, side-dozers, trail-builders, angle dozers, tilt-dozers;* las niveladoras; las cucharas; los *angle-fillers,* las zanjadoras; las excavadoras con ruedas tipo oruga; las excavadoras con ruedas neumáticas; las ligadoras movibles de todas clases; los *track trailers, track type mobiloaders,* y artefactos similares, cuando dichos *trailers* o *mobiloaders* estén provistos, para su locomoción, de ruedas de metal tipo oruga; excluyendo, sin embargo, del alcance de este arbitrio, los arados de todas clases, los subsuelos, los rastrillos,

los tenedores y pulverizadores para roturar terrenos." (²)   (13 L.P.R.A., pág. 727.)

Evidentemente el tribunal a quo se equivocó al considerar que los compresores aquí envueltos son artefactos diseñados para ser adaptados a, instalados en, o acoplados a, cualquier clase de tractor para la ejecución de toda clase de trabajo. Sin embargo la contención del recurrido, según hemos dicho, es que dichos compresores están incluidos en la siguiente disposición del inciso 35: "sobre todo vehículo, sea o no de auto-impulsión, provisto sobre su chasis o plataforma de cualquier clase de equipo para la ejecución de obras de cualquier clase (incluyendo para los fines del arbitrio impuesto por esta sección el valor del equipo) ;".

El récord de muestra que algunos compresores no tienen ruedas y otros son montados sobre cuatro ruedas con dos ejes o sobre dos ruedas con un eje, dependiendo de su tamaño y peso, para facilitar su traslado de un sitio a otro.   Para desempeñar sus funciones no necesitan estar en movimiento. Desempeñan su cometido lo mismo montados en ruedas que sin ellas.   No se desprende claramente del inciso 35 que estos compresores estén incluidos entre los vehículos que allí se mencionan.   La aparente intención del legislador fue incluir en dicho inciso aquel equipo pesado que se usa en la construcción, tales como tractores, palas mecánicas, ligadoras movibles, excavadoras y otros artefactos similares.   Los compresores están expresamente gravados por el inciso 20.   Han sido incluidos dentro del concepto de aparatos eléctricos o de gas flúido.

(²) El presente inciso 35 fue adicionado a la sección 16 por la Ley núm. 139 de mayo de 1945 que impuso un tributo sobre "tractores, partes, prensas y accesorios para ser usados exclusivamente en estos vehículos de motor, . . . ." Este inciso 35 fue enmendado por la Ley núm. 425 de 14 de mayo de 1947.   En virtud de dicha enmienda se gravó la venta, traspaso, uso o introducción en Puerto Rico de tractores.   El impuesto sobre las piezas, accesorios, etc., para tractores quedó establecido en el inciso 25 de la misma sección 16.

De suerte que el inciso 35 nunca gravó "los compresores, hasta que al enmendarse, según rige hoy, surge la controversia de si se incluyeron en sus disposiciones bajo la clasificación de "vehículos".

A pesar de que desde el año 1953 resolvimos que los compresores movidos por gasolina o gas "Diesel" no estaban sujetos al arbitrio impuesto por el inciso 20 de la sección 16 de la Ley de Rentas Internas, la legislatura no ha enmendado la ley, como lo ha hecho en otros casos, para gravar dichos compresores. Véase, *Buscaglia* v. *Tribunal*, 68 D.P.R. 37, 39; *Central Coloso* v. *Tribunal*, 70 D.P.R. 65, 68.

Lo menos que puede decirse es que resulta muy dudosa la interpretación que da el Secretario de Hacienda al inciso 35. No estamos convencidos de que el legislador quiso incluir los compresores entre los vehículos mencionados en dicho inciso. Cuando el propósito de imponer una contribución no es claro, la duda debe resolverse a favor de la no imposición de la misma. *Central Coloso* v. *Descartes, Tes.*, 74 D.P.R. 481 y casos citados a la página 486; *State* v. *Birmingham Bolt Co.*, 125 So.2d 520; *State Tax Commission* v. *John Hancock Mutual Life Ins. Co.*, 170 N.E.2d 711; *Kelm* v. *Chicago, St. P., M. & O. Ry. Co.*, 206 F.2d 831; *Alvord* v. *State Tax Com'n*, 213 P.2d 363; *Vaughan* v. *Warner*, 157 F.2d 26; *Shafer* v. *Glander*, 92 N.E.2d 601.

Los casos citados por el recurrido no son aplicables. En uno de ellos se consideró una mezcladora de concreto como un vehículo; pero lo que se hizo fue incluir el valor de la mezcladora en el valor actual en el mercado del "truck" donde estaba instalada. *Consolidated Rock Products Co.* v. *Carter*, 129 P.2d 455. En *Moffit* v. *State Automobile Ins. Assn*, 300 N.W. 837 y *Davis* v. *Nat'l. Casualty Co.*, 175 S.W.2d 957, se interpretaban contratos de seguros bajo la doctrina de que en esta clase de contratos cuando hay ambigüedad debe adoptarse la interpretación más favorable al asegurado. Y en *Trussell* v. *Ferguson*, 239 N.W. 461 se resolvió que una máquina de cortar yerba es un vehículo a los efectos de los reglamentos del Departamento de Obras Públicas.

*Por todo lo expuesto debe revocarse la sentencia dictada por el Tribunal Superior y en su lugar dictarse otra declarando con lugar la demanda.*