GENERAL FARM EQUIPMENT COMPANY, demandante y recurrida, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y recurrente.

Número: 294    Resuelto: 9 de octubre de 1962

J. B. *Fernández Badillo*, Procurador General, Arturo Estrella, Procurador General Interino y *Genoveva R. de Carrera*, Procurador General Auxiliar, abogados del recurrente; *Omar Cancio Sifre*, abogado de la recurrida.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

El inciso 35 de la sección 16 de la anterior Ley de Rentas Internas de Puerto Rico leía como sigue: (¹)

"Tractores; Palas Mecánicas; Otros Vehículos y Artefactos provistos de ruedas para toda clase de Obras.—Sobre tractores de todas clases; sobre todo artefacto provisto o no de ruedas, diseñado para ser adaptado a, instalado en, o acoplado a, cualquier clase de tractor para la ejecución de toda clase de trabajo; sobre todo vehículo, sea o no de auto impulsión, provisto sobre su *chassis* o plataforma de cualquier clase de equipo para la ejecución de obras de cualquier clase, (incluyendo para los fines del arbitrio impuesto por este inciso el valor del equipo); sobre toda clase de pala mecánica o hidráulica estacionaria o movible; sobre toda grúa portátil montada sobre plataforma movida por fuerza motriz, camine sobre rieles o sobre suelos; sobre todo equipo o artefacto para la nivelación de suelos en cualquier forma, o para la construcción de zanjas, o para excavaciones, o para obras de drenaje, o para la horadación y (o) derribo de montes, o para la perforación de suelos, y otros fines

---

(¹) Este inciso 35 que fue adicionado mediante la Ley Núm. 139 de 9 de mayo de 1945 (Leyes, pág. 479) originalmente gravaba con un impuesto de cinco por ciento sobre el precio de venta en Puerto Rico los tractores y las partes, piezas y accesorios para ser usados en estos vehículos de motor. Mediante la Ley Núm. 425 de 14 de mayo de 1947 (Leyes, pág. 863) se excluyeron las partes, piezas y accesorios, los cuales se incluyen en el inciso 25 y se gravaron con un impuesto de quince por ciento. Finalmente, por la Ley Núm. 147 de 29 de abril de 1949 (Leyes, pág. 391), se redactó dicho inciso en la forma en que aparece en el texto de esta opinión. Esta sección estuvo vigente hasta el 19 de abril de 1956.

similares que se vendan, traspasen, usen o introduzcan en Puerto Rico, un impuesto de cinco (5) por ciento sobre el 'precio de venta en Puerto Rico.'

*Disponiéndose,* que, para los fines del arbitrio fijado en este inciso, estarán comprendidos, pero sin entender que ello implique una limitación, las palas mecánicas o aplanadores conocidos, entre otros nombres, por los de *bull-dozers, side-dozers, trail-builders, angle dozers, tilt-dozers;* las niveladoras (*graders*) ; las cucharas (*scrapers*) ; los *angle-fillers,* las zanjadoras (*ditching machines*) ; las excavadoras con ruedas tipo oruga (*traxcavators*) ; las excavadoras con ruedas neumáticas; las ligadoras movibles (*mobile mixing plants*) (²) de todas clases; los *track trailers, track type mobiloaders,* y artefactos similares, cuando dichos *trailers* o *mobiloaders* estén provistos, para su locomoción, de ruedas de metal tipo oruga; excluyendo, sin embargo, del alcance de este arbitrio, los arados de todas clases, los subsuelos (*sub-soilers*), los rastrillos, los tenedores y pulverizadores para roturar terrenos." (Escolio nuestro.)

En 18 de abril de 1952 el señor Víctor M. Fragoso, Jefe Interino de la División de Operaciones del Departamento de Hacienda, dirigió una comunicación a la recurrida General Farm Equipment Company, en respuesta a una consulta sobre la tributación de las mezcladoras portátiles de cemento marca Jaeger—distribuidas en esta plaza por dicha recurrida—en la cual le manifestaba que "no están sujetas al pago de arbitrios insulares, a menos que vengan dotadas de motores eléctricos para su funcionamiento." Añadió que "(e)sto, naturalmente, nada tiene que ver con las plantas ambulantes de cemento [*sic*] (*mobile mixing plants of all kinds*) las cuales están específicamente gravadas con un cinco por ciento sobre su 'precio de venta,' de acuerdo con lo que dispone el inciso 35 de la Sección 16 de la Ley de Rentas Internas de Puerto Rico."

---

(²) En las Leyes de Puerto Rico Anotadas se omitió transcribir a continuación de la enumeración de la referencia a las ligadoras el paréntesis con la referencia a "mobile mixing plants."

No obstante, la recurrida pagó arbitrios sobre mezcladoras de hormigón portátiles por un período comprendido entre 1952 y 1956. Solicitó el reintegro de las cantidades satisfechas, y al serle denegado, acudió ante el Tribunal Superior, Sala de San Juan, el cual después de un juicio en los méritos, declaró con lugar la demanda.

Insiste el recurrente que las mezcladoras portátiles están sujetas al pago del arbitrio impuesto por el inciso 35 por estar comprendidas bajo cualesquiera de los siguientes términos: a) ligadoras movibles (*mobile mixing plants*) de todas clases; b) artefacto provisto o no de ruedas, diseñado para ser adaptado a, instalado en, o acoplado a, cualquier clase de tractor para la ejecución de toda clase de trabajo; o, c) vehículo, sea o no de auto impulsión, provisto sobre su *chasis* o plataforma de cualquier clase de equipo para la ejecución de obras de cualquier clase.

En *San Miguel & Co.* v. *Srio. Hacienda,* 82 D.P.R. 680 (1961), al discutir si los compresores de aire operados por gasolina y gas "Diesel" están incluidos en el inciso 35 por tratarse de vehículos, sean o no de auto impulsión, provistos sobre su *chasis* o plataforma de cualquier clase de equipo para la ejecución de obras de cualquier clase, dijimos (a la pág. 683) : "La aparente intención del legislador fue incluir en dicho inciso aquel *equipo pesado* que se usa en la construcción, tales como tractores, palas mecánicas, ligadoras movibles, excavadoras y otros artefactos similares." Véase, *Island Properties Co.* v. *Srio. Hacienda,* 82 D.P.R. 875 (1961) ; cfr. *Tecon Corp.* v. *Srio. Hacienda,* 84 D.P.R. 317 (1961). En la opinión emitida se señaló que los casos de *Consolidated Rock Products Co.* v. *Carter,* 129 P.2d 455 (Cal. 1942) ; *Moffit* v. *State Automobile Ins. Ass'n,* 300 N.W. 837 (Neb. 1941) y *Trussell* v. *Ferguson,* 239 N.W. 461 (Neb. 1931),([3])

(²)Véanse, *People* v. *Pakchoian,* 250 P.2d 767 (Cal. 1952); *Wright* v. *Sniffin,* 181 P.2d 675 (Cal. 1947) ; *Waddey* v. *Maryland Casualty Co.,* 100 S.W.2d 984 (Tenn. 1937) ; *Burford-Toothaker Tractor Co.* v. *Curry,* 2 So.2d 420 (Ala. 1941).

en que descansa el recurrente para fijar el significado de "vehículo de motor," no eran aplicables para tal propósito. ■

Convenimos con el tribunal de instancia que las mezcladoras portátiles no están comprendidas en el concepto "vehículo" del inciso 35. Estos artefactos tienen un motor, un tambor o cubo para ligar el hormigón, dos ruedas para mover la maquinaria con facilidad sin necesidad de montarla en un camión, y dos vigas de hierro cuyo único propósito es darle estabilidad. No tienen *chasis* ni plataforma. Es significativo que en las especificaciones que aparecen al final del prospecto ofrecido en evidencia (Exh. 1) no se hace referencia a *chasis* ni plataforma. Sin embargo, en las de la mezcladora movible (Exh. 3) se encuentra una referencia a *chassis.* ■

Tampoco podemos entender que las mezcladoras portátiles son artefactos provistos de ruedas para ser adaptados a, instalados en, o acoplados a, cualquier clase de *tractor*. Una mera lectura del inciso 35 demuestra que la intención legislativa fue incluir cierta clase de equipo que requiere su adaptación a un tractor para poder ser utilizada para el fin al cual se le destina. ■

Finalmente, la referencia a mezcladoras movibles y su identificación como "mobile mixing plants" indica que se refiere a los vehículos pesados de motor que transportan hormigón en cantidad considerable desde la planta en que se mezcla hasta el lugar en que va a ser utilizado. Cfr. *Crown Concrete Company* v. *Conkling*, 75 N.W.2d 351 (Iowa 1956). Además, cuando el propósito de imponer un arbitrio no es claro, la duda debe resolverse a favor de la no imposición del mismo. *San Miguel & Co.* v. *Srio. Hacienda*, supra.

*Se confirmará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 25 de marzo de 1960.*