THE FIRST PENNSYLVANIA BANKING & TRUST CO., ETC., demandante y recurrente, *v.* SECRETARIO DE HACIENDA DE PUERTO RICO, demandado y recurrido.

*Número:* 541     *Resuelto:* 30 de noviembre de 1962

*M. Orraca Torres,* abogado de la recurrente; *J. B. Fernández Badillo, Procurador General,* y *Genoveva R. de Carrera, Procurador General Auxiliar,* abogados del recurrido.

Sala integrada por el Juez Presidente Señor Negrón Fernández y los Jueces Asociados Señores Blanco Lugo y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

Durante los años 1948 a 1951, ambos inclusive, un comerciante de la localidad retuvo y pagó contribución sobre ingresos del contribuyente Harry A. Winterknight, residente en el estado de Pennsylvania, por concepto de comisiones devengadas. La retención se efectuó mediante la aplicación de la tasa de veintinueve por ciento provista en la sección (12) b (2) de la Ley de Contribuciones sobre Ingresos de 1924, 13 L.P.R.A. sec. 691 (b) (2). La contribución correspondiente al año 1948 fue satisfecha en 13 de junio de 1949. ■

En 17 de octubre de 1952, el contador público B. López Sariego radicó una solicitud de reintegro a nombre de dicho

contribuyente reclamando la devolución de las cantidades retenidas y pagadas al fisco. Para ello utilizó y juró la forma I-905 (10–23–51) del Negociado de Contribuciones sobre Ingresos. Conjuntamente con la forma indicada se acompañó una forma 1010 (11–12–48) suscrita por el contribuyente y su representante que copiada a la letra lee como sigue:

"Por la presente se le informa que a partir de esta fecha el señor B. López Sariego, de profesión C.P.A., con oficinas en San Juan, P. R., asumirá nuestra representación ante usted, y especialmente ante el Negociado de Contribución sobre Ingresos, en los casos pendientes de resolución que comprenden los años contributivos arriba citados.

"En relación con los casos citados, el representante nombrado queda autorizado para (1) examinar todas y cada una de las declaraciones de ingresos radicadas por nosotros (2) comparecer ante usted y ante los funcionarios del Negociado de Contribución sobre Ingresos (3) asistir a toda vista administrativa (4) transigir o convenir, con arreglo a la Ley y a los reglamentos, cualquier asunto relacionado con nuestra responsabilidad contributiva (5) aceptar o rechazar a nuestro nombre cualquier resolución o decisión administrativa o tomar aquellas medidas que a su juicio sean procedentes."

Catorce meses después, en 7 de diciembre de 1953, cuando ya había transcurrido el término de cuatro años para solicitar el reintegro de la contribución del año 1948 satisfecha en 13 de junio de 1949, y "una vez *terminada la investigación* de los reintegros correspondientes a los años *1948*, 1949, 1950 y 1951," el Negociado le indicó al representante del contribuyente que, toda vez que la reclamación de reintegro respecto al año 1948 no estaba firmada por su representado, era necesario acompañar un documento de poder. En 21 de diciembre se presentó una nueva solicitud de reintegro firmada y jurada por el contribuyente. Después de transcurrir cinco años y medio, en 19 de mayo de 1959, el Secretario notificó su determinación final concediendo el reintegro solicitado, con excepción de la contribución pagada en relación con el año

1948, la cual fue denegada por entender dicho funcionario que siendo ineficaz la solicitud de reintegro presentada por el representante del contribuyente en 17 de octubre de 1952, la que se archivó posteriormente firmada y jurada por el propio contribuyente no se formuló dentro del término estatutario de cuatro años.[1]

No conforme con la denegatoria del reintegro solicitado, The First Pennsylvania Banking and Trust Co., como administradora de los bienes de Winterknight —quien había fallecido en 1 de diciembre de 1958—interpuso recurso judicial. El tribunal de instancia determinó que como la solicitud de octubre de 1952 no fue acompañada de poder alguno del contribuyente otorgando su representación al señor López Sariego, carecía de eficacia y que la nueva reclamación de reintegro se había formulado fuera de término. En su consecuencia, desestimó la querella. Expedimos auto de revisión para considerar la corrección de esta actuación.

El artículo 346 del Reglamento Núm. 1 adoptado en 17 de mayo de 1926 para instrumentar la Ley de Contribuciones sobre Ingresos de 1924 dispone que: [2]

"*Artículo 346—Reclamaciones para el Reintegro de Contribuciones Cobradas Indebidamente.* Podrán hacerse solicitudes para el reintegro de contribuciones, intereses, penalidades y recargos cobrados errónea o ilegalmente. Los hechos en que

---

[1] Cfr. Sección 322(b) de la Ley de Contribuciones sobre Ingresos de 1954, 13 L.P.R.A. sec. 3322(b), que, en términos generales, establece para la radicación de la solicitud de reintegro un término de 4 años desde la fecha en que se rinde la planilla o de 3 años desde que se verifica el pago, cualquiera que expire más tarde.

[2] En relación con disposiciones similares de la Ley de Contribuciones sobre Ingresos de 1954, véanse los incisos (c) y (d) del artículo 322-3 del Reglamento de 1957, 13 R. & R.P.R. sec. 3322-3(c) y (d), especialmente este último que dice que "Una reclamación podrá formularse por un agente del contribuyente, pero en tal caso un poder deberá acompañar la reclamación."

Para disposiciones federales similares, véanse, 26 C.F.R. (1961) § 301.6402-2(e); 26 C.F.R. (1949) §29.322-3(c); 26 C.F.R. (Supl. 1940) § 19.322-3.

se funde la reclamación deberán exponerse bajo juramento. En caso de que el contribuyente hubiere fallecido, deberán adjuntarse a la solicitud copia certificada de las cartas de administración o de albaceazgo o cualquier otra evidencia similar que demuestre la facultad para actuar del administrador o albacea. La solicitud jurada podrá hacerse por el representante del contribuyente, pero en tal caso deberá acompañarse un documento de poder. . . ." ■

Presumiendo que esta disposición reglamentaria estuviera vigente en 1952, (3) fecha en que se solicitó el reintegro, no podemos convenir con el tribunal a quo en que la solicitud de reintegro presentada por el contador López Sariego, a la cual se acompañó la forma 1010 suscrita por el propio contribuyente, no fuera efectiva a los fines de interrumpir el período prescriptivo de cuatro años. Independientemente de que, a nuestro juicio, se trata de un mero requisito formal que no debe obstar para que se dispense la justicia a que tiene derecho el contribuyente, la forma de referencia cumple sustancialmente con los propósitos de la reglamentación, que no son otros que evitar las reclamaciones por personas no autorizadas. La comunicación suscrita por el contribuyente y su representante claramente delega en este último la representación de aquél para la tramitación de asuntos contributivos pendientes, entre los cuales se encontraba la solicitud de reintegro para el año 1948. ■

Aun cuando no se trata de una situación idéntica, a similar resultado se llegó por el abogado del Negociado de Rentas

---

(3) El artículo 346 mencionado se adoptó para instrumentar la sección 64 de la Ley de Contribuciones sobre Ingresos de 1924, que fue expresamente derogada mediante el artículo 2 de la Ley Núm. 230 de 10 de mayo de 1949 (Leyes, págs. 707, 717). Desde esa fecha y hasta el 5 de octubre de 1954 (Véase, Ley Núm. 5 de 5 de octubre de 1954 (Leyes (2), pág. 43)), en cuanto a contribución sobre ingresos se refiere, rigió la Ley 232 (Leyes, pág. 721), que estableció un procedimiento uniforme para el crédito o reintegro de contribuciones. A partir del 5 de octubre de 1954 rigen las disposiciones del artículo 322 de la Ley de Contribuciones sobre Ingresos de 1954, 13 L.P.R.A. sec. 3322, y las secciones reglamentarias a que se alude en el escolio 2.

Internas Federal en la opinión que aparece en CB 1926–2, pág. 97. Se dijo que la destrucción accidental de un documento de poder no extinguía la relación de mandante y mandatario, y que bajo tales circunstancias, una reclamación formulada en tiempo por el representante sin acompañar el poder es defectuosa en cuanto a *forma únicamente*. Se añadió que cualquier defecto formal quedaba obviado cuando el contribuyente presentaba posteriormente una reclamación formal suscrita por él personalmente, aun cuando esta última se radicara después de haber transcurrido el término estatutario concedido para ello. Y eso fué lo que precisamente ocurrió en el presente caso. De haber sido insuficiente, que no lo era, la autorización contenida en la forma 1010, cualquier defecto formal fué posteriormente salvado al presentarse la solicitud de reintegro jurada por el contribuyente mismo. Cfr. *Rodríguez* v. *Secretary of Treasury of Puerto Rico*, 276 F.2d 344, 348 (1960).

Mertens, en su obra *Law of Federal Income Taxation*, vol. 10, sec. 58.08, resume la cuestión en estas palabras:

"Una reclamación de reintegro puede ser presentada por un representante del contribuyente, cuando se acompaña con una autorización(4) al efecto. Una autorización general para actuar en asuntos de negocios cumple con el requisito. Si no se acompaña la autorización, la reclamación es defectuosa, pero puede subsanarse por actuaciones posteriores. Cuando se inicia acción por un representante debe establecerse que actúa en su capacidad representativa y no para beneficio personal." ■

Recientemente, en *Negroni* v. *Secretario de Hacienda*, 86 D.P.R. 180 (1962), adoptamos, para beneficio del Secretario de Hacienda, una posición sumamente liberal para sostener la facultad del administrador de una empresa común para firmar unas renuncias de términos prescriptivos

---

(4) Preferimos traducir "power of attorney" como autorización, porque a nuestro juicio representa más cabalmente el concepto que se pretende en el Reglamento Federal.

para la imposición y tasación de deficiencias.  Indicamos que no se imponía un criterio de interpretación estricta de los principios generales de agencia.  En el presente caso, en que nos confrontamos con el reverso de la medalla, no se justifica una posición distinta.

*Se revocará la sentencia dictada por el Tribunal Superior, Sala de San Juan, en 5 de junio de 1961, y se declarará con lugar la demanda con los pronunciamientos procedentes.*